Commonwealth of Pennsylvania, Department of Public Welfare, Appellant, *v.* Dr. Joseph L. Magrath, Jr., Appellee.

Argued June 7, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

258

*Howard M. Holmes,* Assistant Attorney General, with him *Cecil Maidman,* Assistant Attorney General, *Michael von Moschzisker,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Richard B. Sigmond,* with him *Leonard Spear* and *Meranze, Katz, Spear & Wilderman,* for appellee.

OPINION BY JUDGE ROGERS, July 2, 1974:

The Commonwealth, by its Department of Welfare, has appealed from an order of the State Civil Service Commission reinstating Dr. Joseph L. Magrath, Jr. to his former position of Surgeon I, regular status, at Haverford State Hospital. The parties agree that the termination of Dr. Magrath's employment by the Commonwealth was a furlough.

Prior to April 14, 1973, Dr. Magrath, a Board certified surgeon, whose professional competence is not in question, was required under the terms of his employment by the Commonwealth to devote 20 hours a week to his duties as staff surgeon at Haverford State Hospital. He conducted a surgical clinic where he examined patients thought by other staff physicians to need the attention of a surgeon, he visited and examined patients undergoing care in the hopsital's sur-

gical ward and he performed operations on patients at the Haverford State Hospital operating room. His services in the last named category we find, from a close reading of the record, were performed as part of his salaried position and without special charge.

On January 1, 1973, Dr. Charles K. Gorby became the medical director at Haverford State Hospital. Dr. Gorby found that 80% of the patients at Haverford State Hospital had Blue Shield, Medicare, or other adequate insurance coverage for surgical care, and that what he considered to be few operations were being conducted at Haverford's operating room. He concluded that the hospital did not require a staff surgeon.

Dr. Gorby proposed that Dr. Magrath's surgical clinic should be eliminated. Decisions as to whether surgical examinations were indicated in particular cases would be made by the remaining medical staff of the hospital, which included general practitioners and at least one internist, Dr. Gorby, but no surgeon. All operations would be performed by non-staff surgeons, who would also provide post-operative care. Their fees for all services would, he found, be covered, in the case of most patients, by insurance. Dr. Gorby believed that this practice, similar to that in private hospitals, would bring about greater efficiency and save money.

Drs. Gorby and Magrath conferred on the matter. Although he was offered the opportunity to continue to provide surgical services to Haverford patients on a fee basis,[1] Dr. Magrath opposed Dr. Gorby's plan, believing that the surgical clinic should be maintained and conducted by a surgeon and that a staff surgeon should be available, not only to conduct surgical clinics, perform operations and attend the surgical wards on a regular basis, but also to handle surgical emergencies

---

[1] Dr. Magrath declined this offer.

at the institution. Apparently a compromise was reached under which Dr. Magrath's time at the hospital was reduced to four hours a week and his salary from 50% to 10%, apparently of a Surgeon I's salary. This personnel action became effective April 14, 1973. On May 30, 1973, Dr. Magrath appealed the new assignment of hours and pay to the Civil Service Commission because, as his counsel's letter explains, Dr. Magrath believed that another surgeon had been engaged to do his former work. On June 1, 1973, Dr. Magrath received a letter from Dr. Jack B. Kremens informing him that his position of staff surgeon at Haverford State Hospital would be eliminated, effective June 22, 1973. Dr. Magrath also appealed this action.

The Civil Service Commission, after hearing, sustained both appeals and ordered Dr. Magrath reinstated to his former position of Surgeon I at Haverford State Hospital, serving 20 hours per week at 50% of the salary of the position.

As the Commission's only operative findings indicate, its action was based on its conclusion that Dr. Gorby was wrong and Dr. Magrath was right about what was the proper way to care for patients requiring surgical attention at Haverford State Hospital. This was error. We have previously noted that the personnel actions here appealed from were agreed to be furloughs. A furlough is defined by the Civil Service Act as a "termination of employment because of lack of funds or of work." Act of August 5, 1941, P. L. 752, art. I, §3(s), 71 P.S. §741.3(s). When Dr. Magrath's position was eliminated and the work formerly done by him either dispensed with or otherwise arranged for, there existed a condition of lack of work which justified his termination. We have examined the record with the utmost care and can find no evidence that the appointing authority has subverted

civil service requirements by simply engaging another person to perform his work. While, as it happened under the new system, most of the operations at the hospital have been performed by one surgeon, all have been performed on a fee basis as Dr. Gorby proposed.

The Commission was apparently led astray by Dr. Kremens' statement in his termination letter that "the overall effectiveness of services to [the] patients" would result from eliminating the post of staff surgeon. Dr. Magrath's proofs were directed to this issue, which we believe is wholly irrelevant to the only matter to be decided by the Commission—whether as the result of the decisions of Drs. Gorby and Kremens there was a lack of work for a staff surgeon. The Civil Service Act provides as the only justifications for furlough lack of work or funds; it does not, therefore, require the appointing authority to provide reasons for furlough, as it quite reasonably requires in the case of personnel actions based on fault of the employe. *See Marks v. Civil Service Commission*, 7 Pa. Commonwealth Ct. 414, 299 A. 2d 691 (1973). Dr. Kremens' statement of the conclusion which underlays the decision to eliminate the work of the staff surgeon was pure surplusage; it created no legal issue and imposed no duty upon the appointing authority to prove more than the law required. The law has committed to the responsible officials of Haverford State Hospital, not to the Civil Service Commission or to this Court, decisions as to what best promotes the efficiency of its services to the public. If experience proves that Drs. Kremens and Gorby were mistaken in this instance— and Dr. Magrath made a strong case that they were— they will surely reverse their decision and Dr. Magrath will be recalled to his former position, the duties of which he so conscientiously performed.

We add that the record contains no evidence of lack of funds to pay a staff surgeon and proof that money

may be saved by terminating an employe does not support a furlough.

We hold that the Civil Service Commission erred as a matter of law in concluding that the appointing authority had not established grounds for Dr. Magrath's furloughs, and we hold that the appointing authority did prove that there was lack of work justifying both of the personnel actions in suit.

### ORDER

AND Now, this 2nd day of July, 1974, the order of the Civil Service Commission is set aside; and the appointing authority's actions of April 5, 1973 reducing, and of June 1, 1973 terminating the services of appellee, Joseph L. Magrath, Jr. as Surgeon I of Haverford State Hospital, on furlough, are reinstated.