James Vovakes and George S. Eakin, Petitioners v. Commonwealth of Pennsylvania, Department of Transportation, Respondent.

4

Argued September 15, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*James R. Ronca, Meyers, Desfor and Ronca,* for petitioners.

*Michael J. McConey, Jr.,* Assistant Counsel, with him *Mark Hodgeman,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent.

OPINION BY JUDGE BLATT, December 30, 1982:

James Vovakes (petitioner)[1] appeals here from a decision of the Civil Service Commission (Commission) denying him relief from an order of the Department of Transportation (DOT) relieving him of his duties as Director of DOT's Fiscal Management Bureau.

The petitioner was informed on March 22, 1979 that his position was being abolished because of an intra-agency reorganization and that he was furloughed effective April 4, 1979. He timely appealed to the Commission, which, after a hearing, concluded that the furlough was proper and not in violation of the Civil Service Act,[2] finding specifically that the combining of the Bureau headed by this petitioner with the Bureau of Management Information Systems (headed by his erstwhile co-petitioner, Eakin) would foster efficiency within the Department and that there had been no evidence presented before the Commission as to any discrimination against the petitioner.

Our scope of review in this matter is limited to a determination of whether or not the constitutional rights of the petitioner have been violated, an error of law has been committed or a necessary finding of fact was unsupported by substantial evidence. *Bureau of Employment Security v. Schreider*, 24 Pa. Commonwealth Ct. 297, 355 A.2d 838 (1976).

The petitioner argues that DOT's decision to abolish the positions held by himself and Mr. Eakin and to place the two bureaus under one centralized head was effected without following the procedures set forth

---

[1] George S. Eakin is also named in the caption as a petitioner in this matter. However, Eakin has since dropped his appeal and our decision is confined, therefore, to the petition of Vovakes.

[2] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§741.1-741.1005.

6

in the Reorganization Act of 1955.[3] This act requires, *inter alia*, that the Governor submit reorganization plans to the General Assembly, and that an approving resolution must be adopted by that body before the reorganization may take effect. Clearly, this statute relates to transfers of duties from one department of government to another, not, as we have here, a transfer within a department. As the Commission noted, this was clearly an *intra*-agency action. The petitioner also fails to recognize, moreover, that Section 204 of the Administrative Code of 1929 (Code),[4] creates an Executive Board while Section 709 of the Code, 71 P.S. §249, gives that Board the power to approve and disapprove of the establishment of bureaus and divisions by the various administrative departments.[5] The Board is also given the power to "investigate duplication of work of the several administrative departments, . . . , and the *efficiency* of the organization and administration thereof, and the better *coordination* of such departments, boards, and commissions." (Emphasis added.) The Commission found as a fact that the reorganization here concerned was approved by the Executive Board,[6] and it was effected, therefore, in full compliance with the Code.

The petitioner also argues that the actions of the DOT in abolishing his position were taken in bad faith and that the Commission's conclusion that he was properly furloughed pursuant to a lack of work,[7] is

[3] Act of April 7, 1955, P.L. 23, *as amended*, 71 P.S. §§750-1—758-1.

[4] Act of April 9, 1929, P.L. 177, 71 P.S. §64.

[5] These powers are subject to a few exceptions not applicable here.

[6] We note in passing that we can find no conflict or inconsistency between the Reorganization Act of 1955, and the Administrative Code of 1929, the latter statute being amended in pertinent part as recently as 1974.

[7] Section 3 of the Civil Service Act, 71 P.S. §741.3(s).

unsupported by substantial evidence. We are limited however, by our aforementioned scope of review and we are not empowered to weigh credibility, *Varndell v. Department of Public Welfare,* 50 Pa. Commonwealth Ct. 349, 413 A.2d 11 (1980), nor may we override the Commission's factual findings where those findings are supported by evidence sufficient to convince a reasonable mind to a fair degree of certainty. *Hobai v. Allegheny County Health Department,* 38 Pa. Commonwealth Ct. 385, 392 A.2d 1388 (1978). The testimony presented before the Commission here clearly indicated that the reorganization was undertaken so as to streamline the functions of the department and thereby to increase departmental efficiency. And, as we stated in *Department of Public Welfare v. Magrath,* 14 Pa. Commonwealth Ct. 257, 321 A.2d 403 (1974), the laws of this Commonwealth have committed to the various administration officials, not to the Civil Service Commission or the courts, decisions as to what best promotes the efficiency of the agency's services to the public. *See also, Forbes v. Department of Transportation,* 61 Pa. Commonwealth Ct. 641, 434 A.2d 892 (1981) (department's elimination of a job classification is a managerial prerogative which cannot be usurped by the Civil Service Commission or this Court). The evidence here clearly supports the Commission's decision.[8]

---

[8] Where, as here, employees are furloughed from the classified service, the appointing authority has the burden of going forward with proof to establish a prima facie case justifying the furloughs. *D'Amato v. Department of General Services,* 58 Pa. Commonwealth Ct. 489, 427 A.2d 1287 (1981). While we recognize that an elimination of positions pursuant to a reorganization does not automatically establish a "lack of work", the testimony in this case indicates that the streamlining of the department brought about an actual "lack of work". The appointing authority has met its burden, and we believe that the furlough was proper.

Lastly, as to the petitioner's allegation of discrimination, it was his responsibility to allege specifically whatever basis he had for this claim and to substantiate it before the Commission. *Sienkiewicz v. Department of Public Welfare*, 53 Pa. Commonwealth Ct. 445, 417 A.2d 874 (1980). Section 951(b) of the Act, 71 P.S. §741.951(b). He completely failed to meet this burden.

We must, therefore, affirm the Commission's order.

### ORDER

AND Now, this 30th day of December, 1982, the order of the Civil Service Commission in the above-captioned matter is hereby affirmed.