Ronald Kamerer, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to President Judge CRUMLISH, JR. and Judges COLINS and BLATT, sitting as a panel of three.

*Francis M. Socha,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, May 15, 1984:

Robert Kamerer, the petitioner, appeals here a decision of the Board of Probation and Parole (Board) which ordered that he be recommitted as a technical parole violator for transgressing specific conditions

of parole, which were: a) to refrain from owning or possessing firearms or other weapons; and b) to refrain from any assaultive behavior.[1]

The skeleton facts of the case are as follows: While on parole, the petitioner was drinking at a tavern with a friend when an altercation developed among petitioner, his friend, and other persons. Everyone involved then proceeded "outside", and the verbal exchange developed into fisticuffs. At some time during the commotion, the petitioner acquired possession of a knife, where and when he got it being disputed and unknown. Shortly thereafter, the local authorities arrived and arrested the petitioner.

On January 21, 1983, the Board lodged a detainer warrant against the petitioner for violating the aforementioned technical conditions of parole, and, on May 16, 1983, the Board found him guilty of all charges. After his subsequent petition for administrative relief was denied on May 24, 1983, the instant appeal ensued.

The petitioner contends that there was insufficient evidence on the record to support the Board's findings. Our scope of review, of course, is limited to determining whether or not constitutional rights were violated, findings made by the agency were supported by substantial evidence, and conclusions reached by the agency were in accordance with the law. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. Moreover, we have previously defined substantial evidence as evidence which would convince a reasonable mind to a fair degree of certainty. *Vovakes v. Department of Transportation,* 71 Pa. Commonwealth Ct. 3, 453 A.2d 1072 (1982). The narrow question pre-

---

[1] Petitioner was also required to refrain from consuming alcoholic beverages. In this appeal, however, he does not contest the Board's adverse finding as to this condition.

sented for review, therefore, is whether or not there is substantial evidence on the record to support the Board's conclusions.

The Board relies on the testimony of the petitioner's parole agent and the petitioner's own "admissions and statements". The agent's testimony concerning the date in question was, in pertinent part, as follows:

> Agent: We have uh the next violation of Condition 5b and 5c, Condition 5b states, you shall refrain from owning or possessing any firearms or other weapons. Condition 5c states you shall refrain from any assaultive behavior. Uh the reason that I brought two of them up at this point is because my evidence in this case pertains to one incident uh whereby they are a violation of both conditions. So the evidence sort of runs together.
>
> Uh the evidence here is, is that on us January 26, 1983, client Mr. Kamerer did tell me that on the morning of January 15th of 1983, outside of Brother's Brown Bar, uh North Progress Avenue, Harrisburg PA he picked up off the ground a pocket knife that belonged to a friend that he was with, apparently David Search. The client further stated that he dropped the knife soon after, upon the arrival of Police, Patrolman Craig Fenstermacher, Susquehanna Township Police. My testimony hereafter uh would be based on the patrolman, and I have an affadavit from him. Uh the alleged victim, a uh Mr. uh Elia Milojevich who I have a affadavit here also from him and a witness Mr. William Shaull who I also have an affadavit from. The reasons for them not being here is that I can give an answer that far, I have spoken with all

of them if the Board would like to know the reason.[2] (sic)

The Hearing Officer refused to accept into evidence the affidavits of Messrs. Milojevich and Shaull,[3] whose names were involved by the agent in the testimony above quoted and, although an affidavit of Patrolman Fenstermacher was also offered and was not formally rejected, our thorough review of the record fails to disclose either the inclusion of the Fenstermacher affidavit into the Certified Record or any further evidence elucidating his version of the incident in question.

Inasmuch, therefore, as the agent's testimony was the only relevant evidence offered to support the conclusions of the Board, and we would characterize it as ambiguous, to say the least, we will, therefore, reverse the Board's order.[4]

---

[2] See Certified Record at 4-5.

[3] In light of this, we question the wisdom in failing to move for a continuance.

[4] It is interesting to note the petitioner's testimony concerning the incident in question, which is as follows:

> Mr. Kamerer: Well Dave went out the door and started walking down the sidewalk right in front of the place, I picked up David's six pack of beer and I walked out of the bar with it. And when I got outside I seen Mr. Elia, whatever his last name is, he came across the parking lot and grab Mr. Search by the shirt like this. I walked up and dropped the six pack on the ground and told him David. You know, a fight here and you know, he was pretty well drunk. And at that time I looked down and seen Mr. Search's knife was laying on the in between the both of them, about this far from the street. I picked I bent over and picked up the knife, no sooner as I went to put it in my back pocket, Mr. Elia let go of David Search and threw me up against the wall. And I stood there, and right out the corner of my eyes I seen a police car coming so felt relief because I thought I was going to get my head beat in. (sic)

406

### ORDER

AND Now, this 15th day of May, 1984, the order of the Board of Probation and Parole is hereby reversed and remanded for proceedings consistent with this opinion. Jurisdiction relinquished.