John P. McCluskey et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Paul M. Baronak et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued March 12, 1984, before Judges WILLIAMS, JR., CRAIG and COLINS, sitting as a panel of three.

*Laurance B. Seaman,* for petitioners.

*Michael J. McCaney, Jr.,* with him, *Frank A. Fisher, Jr.,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE COLINS, June 7, 1984:

This is a consolidated appeal of eight furloughed Pennsylvania Department of Transportation (DOT)

employees (petitioners) from Civil Service Commission (Commission) orders and opinions, sustaining their furloughs as proper under the Civil Service Act (Act).[1]

Because of a lack of work, the petitioners, who were full-time employees assigned to District 2-0, Clearfield, were furloughed effective March 31, 1976, from their permanent positions as Draftsmen Designers and Draftsmen II.

The petitioners appealed their furloughs to the Pennsylvania Civil Service Commission which denied their appeals and refused to grant them a hearing. This Court ordered the Commission to hear these appeals and to enforce the Civil Service Act's requirements. Following a remand, a hearing was held before the Commission.[2] The Commission, by separate orders dismissed the appeals sustaining the action of the Department of Transportation (respondent). It is from these orders that the petitioners bring this appeal.

Under Section 704 of the Administrative Agency Law,[3] this Court is required to affirm an adjudication of the Civil Service Commission unless constitutional rights have been violated, an error of law has been committed, or a necessary finding of fact is not supported by substantial evidence.

The petitioners argue that the Commission's conclusion that they were properly furloughed[4] pursuant

---

[1] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.1, *et seq.*

[2] The petitioners' cases were consolidated for one hearing and the adjudication of the Commission would be the same as to all the petitioners.

[3] 2 Pa. C. S. §704.

[4] A "furlough" is defined by Section 3(s) of the Act as "a termination of employment because of lack of funds or work." 71 P.S. §741.3(s).

to a lack of work is unsupported by substantial evidence. We disagree.

The Deputy Secretary for Highway Administration, David C. Sims, testified that he was instructed by the then Secretary of Transportation to determine if overstaffing existed in the various personnel areas of DOT. Mr. Sims then instructed the Bureau of Design to contact the various District Engineers to gather information with respect to overstaffing and more specifically to obtain a list of all their design people in each of their areas, a list of the projects they were presently working on and the design costs to complete the projects. Mr. Bruce E. Speegle, the District Engineer for District 2-0, gathered this information through the employees in the bureau, and subsequently submitted it to the Bureau of Design. The Bureau of Design collected this information and reviewed it, determining which projects were to be continued and which ones were not and determined the total design costs remaining in those projects in each of the units evaluated. Mr. Sims then evaluated this information and after reviewing the material with the District Engineers, including Mr. Speegle, made determinations as to the number and position of personnel needed for the current active projects. Mr. Sims then submitted a list of the positions he considered to be overstaffed to the Bureau of Personnel for furlough.

The decision by DOT to furlough the petitioners was a managerial prerogative of DOT, which cannot be usurped by the Commission or by this Court. "[N]either this Court nor the Commission may substitute its judgment for that of department officials in matters relevant to departmental economy and efficiency." *Johnson v. Department of Transportation,* 77 Pa. Commonwealth Ct. 486, 490, 466 A.2d 731, 734 (1983). *Accord, Department of Public Welfare v.*

*Magrath,* 14 Pa. Commonwealth Ct. 257, 321 A.2d 403 (1974).[5]

We find that there was substantial evidence to support the Commission's findings that a lack of work motivated the petitioners' furlough.

Accordingly, we affirm the orders of the Civil Service Commission.

ORDER

AND Now, June 7, 1984, the orders of the Civil Service Commission, at Appeal No. 1957 dated November

---

[5] *Magrath* involved a staff surgeon who was furloughed from his position at the Haverford State Hospital. The Court stated that:

The Commission was apparently led astray by Dr. Kremens' statement in his termination letter that "the overall effectiveness of services to [the] patients" would result from eliminating the post of staff surgeon. Dr. Magrath's proofs were directed to this issue, which we believe is wholly irrelevant to the only matter to be decided by the Commission—whether as the result of the decisions of Drs. Gorby and Kremens there was a lack of work for a staff surgeon. The Civil Service Act provides as the only justifications for furlough lack of work or funds; it does not, therefore, require the appointing authority to provide reasons for furlough, as it quite reasonably requires in the case of personnel actions based on fault of the employe. *See Marks v. Civil Service Commission,* 7 Pa. Commonwealth Ct. 414, 299 A.2d 691 (1973). Dr. Kremens' statement of the conclusion which underlays the decision to eliminate the work of the staff surgeon was pure surplusage; it created no legal issue and imposed no duty upon the appointing authority to prove more than the law required. The law has committed to the responsible officials of Haverford State Hospital, not to the Civil Service Commission or to this Court, decisions as to what best promotes the efficiency of its services to the public. If experience proves that Drs. Kremens and Gorby were mistaken in this instance—and Dr. Magrath made a strong case that they were—they will surely reverse their decision and Dr. Magrath will be recalled to his former position, the duties of which he so conscientiously performed.

14 Pa. Commonwealth Ct. at 261, 321 A.2d at 404-5.

134

21, 1977; Appeal No. 1949 dated November 22, 1977; and Appeal No. 1941 dated November 21, 1977, are hereby affirmed.

Order

And Now, June 7, 1984, the orders of the Civil Service Commission, at Appeal No. 1938 dated January 6, 1978; Appeal No. 1960 dated January 9, 1978; Appeal No. 1945 dated January 9, 1978; Appeal No. 1965 dated January 10, 1978 and Appeal No. 1961 dated January 9, 1978, are hereby affirmed.