Commonwealth of Pennsylvania, Department of Education, Petitioner *v.* John P. Conmy, Respondent.

Argued September 13, 1984, before Judges Doyle and Palladino, and Senior Judge Barbieri, sitting as a panel of three.

*Mary Beth O'Hara Osborne,* for petitioner.

*Lawrence A. Durkin,* for respondent.

Opinion by Senior Judge Barbieri, March 7, 1985:

Petitioner, the Pennsylvania Department of Education (Department), appeals here from an adjudication and order of the State Civil Service Commission (Commission) invalidating the furlough of Respondent, John P. Conmy, from his position as Institutional Business Manager II at the Scranton State School for the Deaf (School).

Respondent held the position of Institutional Business Manager II at the School from November of 1979 until August 31, 1982. During the 1981-82 school year, Dr. George Severns, the Superintendent of the School, transferred many of Respondent's job responsibilities to other employees because Respondent was behind in his work and had told Dr. Severns that he was overworked.

At the same time, the School was having financial difficulties. The Department initially projected that the School would have a deficit of $350,000 for the 1981-82 school year. On January 29, 1982, the Department imposed a hiring freeze on the School. With the aid of Department rebudgeting efforts and the implementation of a number of cost-saving measures, the School was able to lower its deficit for the 1981-82 school year to $10,000, which was carried over to the 1982-83 school year. Although the School's budget for the 1982-83 school year was 6% higher than it had been in 1981-82, the School's real operating budget decreased because of cost increases resulting from inflation. The Department nonetheless instructed the School that under no circumstances was the School to exceed its allotted funds for the 1982-83 school year.

In the School's initial plan of reorganization accompanying early proposals for the 1982-83 budget, Dr. Severns recommended replacing the position of Institutional Business Manager II with the lower classified position of Fiscal Assistant. When told of this proposed change, Respondent stated that he would accept no position lower than Accountant II, a position which was classified higher than Fiscal Assistant but lower than Institutional Business Manager II and which Respondent had previously held for eight years at Fairview State Hospital. The position of Fiscal Assistant was not approved by the Governor.

In April of 1982, Dr. Severns submitted a second preliminary plan of reorganization which requested, *inter alia,* that the position of Institutional Business Manager II be eliminated and replaced with the position of Accountant II. The second preliminary plan of reorganization stated that an Accountant II would be necessary if the Institutional Business Manager II position was eliminated.

By letter dated July 28, 1982, Appellant was furloughed from his position as Institutional Business Manager II, regular status, effective at the close of business August 31, 1982. At that time, the hiring freeze of January 29, 1982 was still in effect at the School and the position of Accountant II had not been created or approved. Shortly after Respondent's termination, William O'Neill a Department employee with the classification of Accountant II arrived at the School on indefinite special assignment. Mr. O'Neill performed many of Respondent's duties, but also allegedly was to train Dr. Severns and other employees at the School on various accounting procedures so that they could perform Respondent's remaining duties. The Department, not the School, was responsible for paying Mr. O'Neill. As of November 17, 1982, the time of the hearing before the Commission, Mr. O'Neill was still working at the School, the hiring freeze there was still in effect, and no final determination had been made concerning what, if any, new positions would be created at the School to replace the position of Institutional Business Manager II.

Respondent appealed his furlough to the Commission, which concluded after a hearing that the furlough was in violation of the Civil Service Act[1] and ordered that Respondent be reinstated to his former

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§741.1-741.1005.

position and be reimbursed for lost wages and benefits. Petitioner subsequently filed a Petition for Review and an Application for Stay Pending Action on the Petition for Review. On July 19, 1983, Senior Judge PAUL S. LEHMAN granted a stay of the Commission's order.

Under Section 704 of the Administrative Agency Law,[2] this Court must affirm an adjudication of the Civil Service Commission unless constitutional rights are violated, an error of law has been committed, or a necessary finding of fact is not supported by substantial evidence.

Petitioner, correctly noting that a "furlough" is defined by Section 3(s) of the Civil Service Act (Act)[3] as "a termination of employment because of lack of funds or work" and that the Department, as the appointing authority, has the burden of proving a *prima facie* case justifying Respondent's furlough,[4] argues that Respondent was terminated because of lack of funds and lack of work.

With respect to the issue of whether a lack of work existed, the mere elimination of a position is not sufficient to warrant a furlough; consideration must be given to whether or not there exists an actual lack of work for people in the same classification or status. *Silverman v. Commonwealth Department of Education,* 70 Pa. Commonwealth Ct. 444, 454, 454 A.2d 185, 190 (1982). In its adjudication, the Commission pointed out that the School's second reorganization plan stated that an Accountant II would be necessary upon the elimination of the position of Institutional Business Manager II, that the duties to be performed by the Accountant II would include primarily those

---

[2] 2 Pa. C. S. §704.

[3] 71 P.S. §741.3(s).

[4] 4 Pa. Code §105.15.

duties previously performed by Respondent, and that Respondent had worked as an Accountant II prior to his employment at the School. In addition, the record indicates that Respondent had stated to Dr. Severns prior to the termination of his employment that he was willing to work as an Accountant II. Further, after Respondent's furlough, Mr. William O'Neill, an Accountant II with the Department of Education, began to work at the School District on special assignment from the Department and Mr. O'Neill performed many of Respondent's former tasks. Since there was clearly work to be done at the School at the level of an Accountant II, a level at which Respondent had stated he would work, we must conclude that the Commission's determination that Respondent was not terminated for lack of work was consistent with the relevant law and that the findings upon which this determination was based were supported by substantial evidence.[5]

Petitioner also argues that the Commission erred in holding that Respondent was not terminated for lack of funds. The Commission based its conclusion that no lack of funds existed on evidence that the second reorganization plan submitted by Petitioner included the creation of seven new positions, that four of these positions were filled, and that the testimony

---

[5] We are aware of our Supreme Court's recent decision in *Commonwealth of Pennsylvania, Department of State v. Stecher*, 506 Pa. 203, 484 A.2d 755 (1984), but find that it is clearly distinguishable. Most importantly, in the present case, Respondent was able to work as an Accountant II and the reorganization plan under which Respondent was terminated called for the creation of an Accountant II position upon the elimination of the position of Institutional Business Manager II. Moreover, after Respondent's furlough, Mr. William O'Neill, an Accountant II, arrived at the School and performed many of Respondent's duties. Under such circumstances, the Department has not met its burden of showing a lack of work.

of Dr. Severns indicated that the plan would not result in substantial savings. Petitioner contends that the Commission erred, since this line of reasoning assumed the finality of the second reorganization plan. Although we agree that the second reorganization plan was not final, we are nonetheless of the opinion that this was the plan according to which Respondent was terminated. The fact that the plan under which Respondent was terminated did not reflect any substantial savings indicates that Respondent was not terminated for lack of funds.

Moreover, as noted, soon after the Department furloughed Respondent, who was both qualified and willing to work as an Accountant II, Mr. O'Neill, an Accountant II, arrived at the School on indefinite special assignment and took on many of Respondent's responsibilities. Although arguably the Department somehow may have saved money through such an arrangement, the Department offered no evidence to that effect.[6] Thus, even assuming that the School was encountering financial difficulties, we cannot say that the Commission erred in concluding that the Department failed to sustain its burden of showing that Respondent was terminated for lack of funds.

Affirmed.

## ORDER

AND Now, March 7, 1985, the adjudication and order of the State Civil Service Commission dated, April 29, 1983, are hereby affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.

---

[6] We note that while the Commission made no specific findings as to the role of Mr. O'Neill, his performance of many of Respondent's duties, as noted, supports the finding that there was need for Respondent's services and, therefore, his furlough could not be justified on the basis of lack of work.