538 A.2d 91

Eleanor L. Dougherty, Petitioner *v.* Commonwealth of Pennsylvania, Department of Health, Respondent.

Lavinia E. Bradford, Petitioner *v.* Commonwealth of Pennsylvania, Department of Health, Respondent.

Grace M. Vogan, Petitioner *v.* Commonwealth of Pennsylvania, Department of Health, Respondent.

Patricia A. Sanders, Petitioner *v.* Commonwealth of Pennsylvania, Department of Health, Respondent.

Valetta J. Zemko, Petitioner *v.* Commonwealth of Pennsylvania, Department of Health, Respondent.

Ramona L. Vuksan, Petitioner *v.* Commonwealth of Pennsylvania, Department of Health, Respondent.

Argued December 18, 1987, before Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Nancy J. McCauley, Kirschner, Walters & Willig,* for appellants.

*Stephen D. Tompkins,* Assistant Counsel, with him, *Jonathan P. Neipris,* Chief Counsel, for appellee.

OPINION BY JUDGE DOYLE, February 23, 1988:

Before us are the consolidated appeals of six employees who were furloughed from their positions as

screening technicians, regular status, with the Department of Health (Appointing Authority) effective August 5, 1986 on the basis of a lack of work. The employees appealed their furloughs to the State Civil Service Commission (Commission) which, in virtually identical adjudications, upheld the furloughs.

The Commission found that the employees had been employed in the Appointing Authority's Division of Chronic Diseases, High Blood Pressure Control Program (Program). In 1984 the Appointing Authority analyzed the Program and concluded that its cost was disproportionate to the number of persons it could serve. The Program's limited availability and prohibitive cost led the Appointing Authority to seek other ways to administer blood pressure screenings to the public. Accordingly, it contracted with Quality Medicals Inc. (Quality) to administer the screenings. In line with this contracting out of services, the Appointing Authority furloughed all employees who had performed screenings for its Program. The Commission upheld the furloughs and this appeal ensued.

Preliminarily, we note that our scope of review of a Commission order is limited to determining whether there is substantial evidence of record to support the findings of fact or whether there has been a constitutional violation or an error of law. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. Credibility determinations are within the Commission's province. *Vovakes v. Department of Transportation,* 71 Pa. Commonwealth Ct. 3, 453 A.2d 1072 (1982). On appeal here the employees raise three basic issues. First, they contend that the Commission committed legal error in determining that the furloughs were based upon a valid lack of work. Second, they assert that there is not substantial evidence that the contracting out of services resulted in greater efficiency. Third, they maintain that

the Commission committed legal error in sustaining these furloughs when it had found prior furloughs based upon a similar factual matrix to be violative of Section 802 of the Civil Service Act.[1] We will address these issues seriatim.

It is well settled that a furlough of a state civil servant may only be validly implemented on the basis of a lack of work or a lack of funds. *Eastern Pennsylvania Psychiatric Institute v. Russell,* 77 Pa. Commonwealth Ct. 390, 465 A.2d 1313 (1983); Section 3(s) of the Civil Service Act, 71 P.S. §741.3(s). And, when the furlough is of a regular status employee, the Appointing Authority bears the burden of demonstrating the lack of work or the lack of funds. *Department of State v. Stecher,* 506 Pa. 203, 484 A.2d 755 (1984); 4 Pa. Code §105.15. Further, it is settled that the lack of work must precede the elimination of the positions. *Weir v. Department of Labor and Industry,* 84 Pa. Commonwealth Ct. 127, 479 A.2d 646 (1984). The employees here contend that because numerous Commonwealth residents (3.2 million) were in need of screening services there was no lack of work. This argument misses the point. The relevant inquiry is whether there was a valid lack of work *within the Appointing Authority;* once the work was contracted out, there was a valid lack of work. We have previously held that the contracting out of services can create a valid lack of work and that such action is not prohibited by the Civil Service Act. *Department of Public Welfare v. Magrath,* 14 Pa. Commonwealth Ct. 257, 321 A.2d 403 (1974). We find the contracting out of work here to be permissible under *Magrath.*

It is important to recognize that it is to the various administrative officials and not to the Commission or

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.802.

the courts that decisions as to what promotes the efficiency of the agency's services are committed. *Vovakes; Stecher*. Thus, a reorganization can be a valid basis for implementing a furlough. *Vovakes; Stecher*. In *Stecher* our State Supreme Court held, in the context of a reorganization and resultant furlough, that the appointing authority had met its burden to show a lack of work when it established that (1) the employees' positions were eliminated, (2) reorganization streamlining occurred and (3) management in good faith believed that work could be accomplished more efficiently in the absence of the eliminated positions.

We conclude that the three-part standard enunciated in *Stecher* was met here. There is no dispute that the positions were eliminated and that the contracting decision was made in good faith. The employees assert, however, that there was not substantial evidence that the reorganization would result in increased efficiency. We disagree. While the testimony reveals that fewer screenings were done once the contracting out of services took effect, we do not believe that this fact is dispositive of the issue. The testimony also revealed that the effect of the contract was to free up to twenty percent of the time of those individuals who had formerly supervised the furloughed employees; that Quality, unlike the Appointing Authority, was providing state-wide screenings; and, that by contracting with Quality, the Appointing Authority freed up approximately $80,000 which could be redirected to research crucial to the long-range goals of the Appointing Authority's Program. Hence, there is substantial evidence that the reorganization was efficient.

In a related contention, the employees maintain that even assuming increased efficiency was shown, that fact is not sufficient to meet the Appointing Authority's burden where it has not also shown an underlying lack of

work. Inasmuch as we have held that a proper lack of work *was* established, this argument must fail.

Finally, the employees assert that the Commission's decision is inconsistent with a prior determination involving the same individuals. There had been a prior furlough in March 1985 because the Appointing Authority, in order to implement its Program in the wake of a hiring freeze, had contracted out the screening. The contractor had hired many of the furloughed employees who did the same duties in the same offices and received the same supervision by the same individuals as they had while employed by the state. The contractor provided only paychecks, timesheets and travel vouchers. The Commission determined that under those circumstances a valid furlough had not occurred. It distinguished its later adjudication by explaining that, in the first case, the employer/employee relationship between the state and the employees had not been extinguished and, hence, that the Appointing Authority had not demonstrated that *it* had a lack of work prior to the furlough. In this instance, however, the Commission found that the employer/employee relationship had been severed. We believe this finding is supported by substantial evidence and is a valid basis for distinguishing the two situations.

Based upon the foregoing discussion, the orders of the State Civil Service Commission are affirmed.

### ORDER

NOW, February 23, 1988, the orders of the State Civil Service Commission in the above-captioned matters are hereby affirmed.