624 A.2d 229

**Robert T. STUMP, Petitioner,**

v.

**DEPARTMENT OF LABOR AND INDUSTRY, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 1, 1993.

Decided March 31, 1993.

Robert A. Eberle.

Deborah C. Phillips.

Before PELLEGRINI and FRIEDMAN, Judges, and NARICK, Senior Judge.

NARICK, Senior Judge.

Robert T. Stump appeals from the order of the Civil Service Commission (Commission) that sustained the action of the Department of Labor and Industry (Department) in the furlough of Stump from his regular vocational rehabilitation specialist employment. We affirm.

On January 16, 1991, the heads of all departments, independent administrative boards and commissions and other state agencies under the Governor's jurisdiction received a memo

from the Secretary of the Office of Administration describing the need for down-sizing and restructuring state government. (100a–101a). Gilbert Selders, Executive Director of the Office of Vocational Rehabilitation (OVR) received this memo which directed him to "immediately initiate organizational [sic] and staffing review beginning with management positions." (100a). The memo directed Selders that "[p]articular attention should be given to reducing the number of executive assistants, special assistants, administrative officers, administrative assistants and other staff employes," thus, decreasing the ratio of staff to line personnel. (100a).

Pursuant to this memo, Selders reviewed OVR's fifteen district offices. Fourteen district offices had two management positions each. The Pittsburgh office had four management positions. Mr. Selders determined that the positions of administrator and assistant administrator were critical to maintaining the operations of Pittsburgh's district office. The remaining management positions were selected for elimination.

Robert Stump held one of these remaining management positions as a rehabilitation specialist. Prior to 1989, Stump's position did not exist and was created as a result of the unique functions specifically performed by Stump. Although a management position, Stump performed no management functions. Mr. Selders determined that the necessary functions performed by Stump were capable of reassignment or contracting out. Although OVR recognized Stump's special skills, these skills were not crucial to the management of OVR.

The Office of Administration approved the designation of Stump's position for furlough. OVR offered Stump the staff position of rehabilitation counselor, handling the same cases he had had as a rehabilitation specialist.[1] On February 8, 1991, OVR notified Stump of the furlough which he appealed pursuant to Section 951(a) of the Civil Service Act, 71 P.S.

---

1. As the rehabilitation specialist position occupied by Stump was the only one of its kind in the Commonwealth, the seniority determinations within a furlough unit were unnecessary. Section 802 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.802.

§ 741.951(a). The Commission sustained the action and dismissed Stump's appeal.

On appeal to this Court,[2] Stump asserts that the Commission erred in finding that his duties as vocational rehabilitation specialist could either be reassigned to other staff members or eliminated by the purchase of services from the private sector. Because of his specialized qualifications and abilities, Stump asserts that OVR presented no evidence that his duties could be contracted out to the private sector.

In an appeal challenging a furlough of this nature, the burden rests with the appointing authority to present evidence of either a lack of work or a lack of funds. Section 802 of the Civil Service Act, 71 P.S. § 741.802.

An agency can create valid "lack of work" furlough by contracting out services previously performed by furloughed employees in order to enhance operational efficiency and secure cost savings under the Civil Service Act. *Wright v. Department of Corrections, State Correctional Institute at Graterford,* 123 Pa.Commonwealth Ct. 446, 553 A.2d 1056 (1989). OVR recognized it would lose many benefits without Stump's performance, but determined the required functions Stump performed were capable of reassignment or contracting out. While Stump performed valuable services, OVR submits that there is no authority for the proposition that once performed, functions must continue to be performed *ad infinitum,* nor is there any prohibition against the elimination of functions. Decisions as to what tasks should be performed are within the discretion of an agency's management officials.

Stump asserts that by eliminating his position, the OVR will lose efficiency because no outside contractors can perform the work that he does. Stump asserts OVR is eliminating functions not permitted under *Department of State v. Stecher,* 506 Pa. 203, 484 A.2d 755 (1984). For a furlough to be justified, *Stecher* requires that the agency must demon-

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

strate that: 1) the employee's position was eliminated; 2) reorganizational streamlining occurred; and 3) management in good faith believed the work of the agency could be more efficiently conducted in the absence of the eliminated position.

Application of this first requirement is undisputed. The position occupied by Stump, rehabilitation specialist, was in fact eliminated. As to the second requirement, OVR submitted evidence, accepted as credible by the Commission, that demonstrated an organizational streamlining had occurred by the elimination of Stump's position, thus, bringing the Pittsburgh district office into line with the other districts.

While most furlough cases originate within the agency itself,[3] this situation originated by executive order, creating a unique factual scenario. OVR had to determine which position could be eliminated without jeopardizing the essential mission of OVR. While Stump's furlough would probably not increase the efficiency of Pittsburgh's regional office, OVR had to keep in mind the object of a furlough action. Under the Civil Service Law, a furlough action is not the furlough of a specific individual employee. Rather, it is the permanent or temporary elimination of a position or positions.[4]

OVR introduced evidence that the necessary duties performed by Stump could be contracted out, thereby meeting its burden of showing "lack of work" under Section 802 of the Civil Service Act. Therefore, we hold that the Commission did not err in finding that Stump's furlough was based on a "lack of work," and that OVR met the requirements set forth in *Stecher*.

 Stump also asserts that the Commission erred in failing to admit certain proffered exhibits. The Commission

3. See *Dougherty v. Department of Health*, 113 Pa.Commonwealth Ct. 620, 538 A.2d 91 (1988); *Vovakes v. Department of Transportation*, 71 Pa.Commonwealth Ct. 3, 453 A.2d 1072 (1982).

4. This is evidenced by the provisions of the Civil Service Act and regulations, regarding the procedure to be implemented when a reduction in the force is necessary. When a class of positions, or "furlough unit," is effected, the termination of which individuals will be furloughed is based on seniority and performance evaluations. *See* Section 802 of the Civil Service Act, 71 P.S. § 741.802; 4 Pa.Code § 101.1.

refused to admit a memorandum from OVR's Pittsburgh Administrator to Selders on the ground that it was written after the decision to furlough had been made. The Commission also rejected, for lack of relevance, letters from individuals employed by outside agencies, criticizing OVR's furlough of Stump. Liberal rules of evidence relating to administrative agencies gives the Commission broad discretion in admitting or rejecting evidence. *Bertolino v. Department of Transportation,* 32 Pa.Commonwealth Ct. 516, 379 A.2d 1078 (1977). We hold that while these exhibits may have demonstrated general dissatisfaction with OVR's determination, the Commission correctly ruled that they were not relevant to the issue of whether or not the furlough was proper under the Civil Service Act.

Accordingly, we affirm.

### ORDER

**AND NOW,** this 31st day of March, 1993, the order of the Civil Service Commission in the above-captioned matter is hereby affirmed.

FRIEDMAN, Judge, dissents.