·641 A.2d 644

**Duane C. VALENCE, Petitioner,**

**v.**

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 2, 1994.

Decided April 14, 1994.

Peter G. Loftus, for petitioner.

Myra Werrin Sacks, Asst. Counsel, for respondent.

Before CRAIG, President Judge, and COLINS, McGINLEY, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

McGINLEY, Judge.

 Before this Court for reargument en banc is a petition by Duane C. Valence (Petitioner) for review of a decision of the State Civil Service Commission (Commission) that dismissed his appeal and sustained the action of the Pennsylvania Department of Public Welfare (DPW) in furloughing him. The scope of our review of a Commission decision is to determine whether there was a constitutional violation or an error of law and whether necessary findings of fact are supported by substantial evidence in the record. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *McGuire v. Department of Aging*, 140 Pa. Commonwealth Ct. 378, 592 A.2d 830 (1991).

 By memorandum of January 16, 1991, Joseph Zazyczny, Secretary of Administration of the Commonwealth (Secretary), informed all agencies under the jurisdiction of the Governor that it was necessary to downsize because of budget constraints. The Deputy Secretary of DPW met with Bureau Heads and directed them to develop a method for identifying positions for elimination.

Petitioner possessed the job title of Claims Investigation Agent Manager (CIAM) I. He was assigned to the Division of Recipient Prosecution and Recovery in the Luzerne County Assistance Office. Despite his actual classification and job

title, Petitioner was working as an assistant to the Area Manager, and he (alone among CIAM's) did not have supervisory authority. Pursuant to the directions in the Secretary's memorandum the Chief of DPW's Division of Recipient Recovery and Prosecution, Linda Smith (Smith), testified that she reviewed the CIAM positions for possible elimination. Smith discovered that only Petitioner performed no management duties; she also testified that a good deal of time was spent creating work for him as the assistant to the Area Manager. Smith recommended that Petitioner's position be eliminated.

By letter of February 12, 1991, DPW informed Petitioner that he was to be furloughed at the end of the month. He appealed the furlough to the Commission pursuant to Section 951(a) of the Civil Service Act (Act), 71 P.S. § 741.951(a),[1] contending that it violated Section 802 of the Act, 71 P.S. § 741.802.

Section 802(a) provides:

In case a reduction in force is necessary in the classified service, no employe shall be furloughed while any probationary or provisional employe is employed in the same class in the same department or agency, and no probationary employe shall be furloughed while a provisional employe is employed in the same class in the same department or agency. An employe shall be furloughed only if at the time of furlough, the employe is within the lowest quarter among all the employes of the employer in the same class on the basis of their last regular service ratings, and within this quarter the employe shall be furloughed in the order of seniority unless there is in existence a labor agreement covering the employes to be furloughed, in which case the terms of such labor agreement relative to a furlough procedure shall be controlling: *Provided, That the appointing*

---

1. Act of August 5, 1941, P.L. 752, *as amended.* Under Section 951(a) any regular employee of the classified service may appeal to the Commission any permanent separation, suspension for cause, furlough or demotion on the grounds that the action was taken in violation of the Act. 4 Pa.Code § 105.15(a) provides that the burden of establishing a prima facie case rests on the appointing authority in a Section 951(a) appeal.

*authority may limit the application of this provision in any particular instance to employees in the same class, classification series or other grouping of employees as referred to in any applicable labor agreement, and which are in the same department or agency within the same bureau or division with headquarters at a particular municipality, county or administrative district of the Commonwealth.* (emphasis added).

The Supervisor of the Employe Benefits and Transaction Unit of DPW's Bureau of Personnel testified that the Management Directive (MD) 580.17 procedures were followed. Smith testified that there was no Performance Evaluation Review (PER) for Valence within the past fifteen months, so one was prepared. Smith stated there was no PER earlier because there was a belief that the incoming Area Manager should be the one to specify the duties of this unusual position. Petitioner received a PER covering the period from August 1989 to July 1990, with an overall rating of "meets objectives." Petitioner was placed in the lowest quartile because the other CIAM I in his furlough unit received a rating of "consistently exceeds [objectives]" in a PER completed on November 11, 1990. That employee worked in the area of child support. Also it is worth noting that Petitioner had more seniority than this CIAM I.

Detailed procedures for furloughs are set forth in the Commission's rules in MD 580.17. MD 580.17(2)(a)(3) provides, "All regular status employes in the furlough unit and class must be ranked from high to low, based on the overall evaluation appearing in their most recent, required annual or probationary PER, to determine who are in the lowest quarter for furlough purposes." MD 580.17(2)(b) provides, "Annual or probationary PER's that are due on or before the effective date of furlough action must be completed and used in the determination of numerical scores. Those due after the effective date of furlough action should not be used for this purpose." Pursuant to MD 580.17(2)(c), interim PER's are not to be used for furlough purposes. Under MD 580.17(2)(d), "When no PER dated within the previous 15 months is

available for the present class of the regular employee, such as in the case of return from leave of absence, reinstatement or demotion, a current PER will be prepared. Such evaluations shall not be considered interim reports." Finally, MD 580.17(e) provides, "When the most recent, required PER is not valid or has not been completed, the affected employe's performance will be considered to be equal to that of the employe with the highest evaluation." [2]

■ On appeal Petitioner initially argues that the Commission erred in affirming his furlough by DPW. Section 3(s) of the Act, 71 P.S. § 741.3(s) defines a furlough as a "termination of employment because of lack of funds or of work." "[A]n appointing authority enjoys managerial discretion to reorganize its structures in the interest of efficiency ... and in so doing, it may redistribute work, eliminate positions, and accordingly furlough employees for lack of work." *O'Byrne v. Department of Transportation*, 92 Pa. Commonwealth Ct. 286, 289, 498 A.2d 1385, 1387 (1985), *citing Department of State v. Stecher*, 506 Pa. 203, 209, 484 A.2d 755, 758 (1984). The "lack of work" that would warrant an employee's furlough, however, must be based on the employer's efforts to make the department more efficient. *See Vorakes v. Department of Transportation*, 71 Pa. Commonwealth Ct. 3, 453 A.2d 1072 (1982). Additionally, the employer's efforts at streamlining the department must be in good faith. *Stecher*, 506 Pa. at 210, 484 A.2d at 759.

An examination of the record indicates that there is substantial evidence to show that Petitioner's furlough meets the foregoing requirements. Smith testified that in accord with a memorandum from the Secretary of Administration (Appointing Authority's exhibit 1), she examined her staff for possible cutbacks before she made her recommendations. She related that by reassigning certain duties she actually increased the efficiency of her division, streamlined her office and made it

2. Where a PER has not been prepared for more than twelve months, one is "due" under 4 Pa.Code § 99.13 and MD 580.17(b). Where a PER has been completed within the year preceding a furlough action, the next one is not due until after the furlough.

more efficient. Finally, Smith's testimony gives no indication that this was anything but a good faith "downsizing."[3]

Next Petitioner argues that the decision to furlough was not made on a class wide basis as mandated by Section 802 of the Act, 71 P.S. § 741.802. The record reflects that while there were seven CIAM I's in Pennsylvania at the time the decision to furlough was made, Petitioner was only compared to the one other CIAM I in his office. An examination of Section 802(a) of the Act suggests that an employer, in determining who is to be furloughed, shall examine all employees similarly situated. Under Section 203 of the Act, 71 P.S. § 741.203, the Commission has a duty to make "effective the provisions of this act." In pursuing that duty, the Commission promulgated a rule at 4 Pa.Code § 101.1 which provides for the appointing authority to submit recommended furlough units, "defined as all employes in the classification within an affected institution, division, bureau or a combination of the institutions, divisions or bureaus within an agency." 4 Pa. Code § 101.1(c).[4] We believe Section 802(a) of the Act autho-

---

3. Myra W. Sacks, DPW's attorney to Smith:
 Q: And how did you attempt to follow the guidelines set forth in this memo?
 A: On reading through the guidelines, number three basically says to decrease the ratio of staff, the line personnel, particular attention should be given to reducing the number of Executive Assistants, Special Assistants, Administrative Officers, Administrative Assistants, other staff employees.
 And I was aware that in Luzerne we had the only Manager who was acting as the Assistant to the Area Manager and that we had some difficulties having enough work to that individual. I was aware that we could easily take back work that was assigned to him back to other positions since, basically, we had to go look for the kinds of work to be assigned to a Special Assistant and this work.
 Q: Would that streamline the operation at that office?
 A: Yes, it would. It was really requiring time because in our other areas, our Manager 1's operated as Operations Managers and they supervise and they're in the general flow of the operation. In Luzerne, with the Special Assistants, we had sideways communication which we're not used to and which we found difficult.
 Notes of Testimony, October 23, 1991, (N.T.), at 14–15, Reproduced Record, (R.R.) at 25–26.

4. 4 Pa.Code § 101.1(c) provides:
 *Furlough units.* Furloughs will be conducted within approved furlough units. For purposes of this section, a furlough unit shall be

rizes the Commission to examine "other grouping[s]" of employees within an administrative district of the Commonwealth. And agencies are directed to organize furlough units in accordance with 4 Pa.Code § 101.1(c). In the present case, DPW set up the Luzerne County Furlough Unit to cover the department's employees within the Luzerne County area. Within that furlough unit were only two CIAM I's. Because Petitioner's PER rating was the lower of the two he was properly designated as the person to be furloughed under Section 802.[5]

Accordingly we affirm the decision of the Commission.

## ORDER

AND NOW, to wit, this 14th day of April, 1994, the order of the State Civil Service Commission at Appeal No. 14158, dated October 27, 1992, is affirmed, and the appeal of Duane C. Valence is dismissed.

---

defined as all employees in the classification within an affected institution, division, bureau or a combination of the institutions, divisions or bureaus within an agency. Each appointing authority will submit recommended furlough units to the Director. Once approved by the Director, these furlough units will be used for subsequent furloughs. Changes to the approved furlough units shall be submitted to and approved by the Director prior to their use in subsequent furloughs.

5. Petitioner also attempts to challenge the validity of his PER. The Commission properly concluded that the issue was waived for failure to challenge it within the proper time period and, as such, we are precluded from further review. *See Ellis v. Department of Transportation*, 33 Pa. Commonwealth Ct. 354, 381 A.2d 1325 (1978).