Danny Wilson, Petitioner *v.* Commonwealth of Pennsylvania, Department of Education, Respondent.

276

Argued September 17, 1981, before Judges MENCER, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Harlan S. Stone,* with him *John R. Cook, Stone, Duffy, Israel & Cook,* for petitioner.

*Nancy K. Matlowski,* Acting Chief Counsel, with her *Jack E. Solomon,* Assistant Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, December 18, 1981:

This is an appeal from an adjudication and order of the State Civil Service Commission (Commission) which affirmed the dismissal of Danny Wilson (petitioner) from his position as a Police Officer I, regular status, at Clarion State College (Clarion). We affirm.

On April 3, 1979, Arthur Eshbaugh, the acting Director of Public Safety at Clarion, received a complaint from a female student at Clarion who alleged (1) that petitioner had solicited her on two occasions to engage in oral sexual intercourse and (2) that petitioner had called her on the night of April 2, 1979, and told her, *inter alia*, that he could have used his master key to enter her dormitory room the night before when she was asleep. In response to this complaint, Clarion, by a letter dated April 6, 1979, informed petitioner that he was being temporarily suspended pending an investigation into the student's complaint.

On April 27, 1979, Mr. Eshbaugh and Charles Leach, Clarion's Vice President for Administration, met with petitioner to discuss the student's allegations. At this meeting, petitioner admitted that he had called the student and that he had mentioned the possibility of using his master key to enter her room the night before.[1] Petitioner, on the advice of his attorney, however, refused to answer any questions relating to the student's allegations of sexual solicitation on the ground that his answers might tend to be self-incriminating. Shortly after this meeting, Clarion, by a letter dated May 1, 1979, informed petitioner that he was being discharged as of May 4, 1979, because of "the serious nature of the charge of solicitation, which you chose not to answer, and . . . the serious nature of your offer to enter a female student's room for unofficial purposes, while on duty and between the hours of 2:00 a.m. and 4:00 a.m. . . ." Petitioner subsequently appealed this dismissal to the Commission.[2]

---

[1] Petitioner apparently alleged, however, that he would only have used his key if he had been invited to do so.

[2] Petitioner initially appealed pursuant to both Section 951(a) and Section 951(b) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§741.951(a), 741.951(b). Petitioner subsequently withdrew his Section 951(b) appeal, and the Commission accordingly limited itself to petitioner's Section 951(a) appeal.

278

At a hearing on petitioner's appeal, conducted on July 24, 1979, petitioner alleged (1) that he had been dismissed for failing to cooperate in the investigation of the student's complaint and (2) that this dismissal impermissibly infringed upon his fifth amendment privilege against self-incrimination.[3] Clarion, for its part, offered into evidence a signed unsworn complaint from the student involved, and called Mr. Eshbaugh, Mr. Leach, and petitioner as witnesses. Mr. Eshbaugh and Mr. Leach testified, *inter alia,* as to what occurred during their April 27, 1979, meeting with petitioner, and petitioner once again conceded that he had called the student, but refused to answer any other questions concerning the student's allegations on the basis of his fifth amendment privilege against self-incrimination. Based on this evidence, the Commission subsequently found as a fact that petitioner had called the student on April 2, 1979, and that a complaint had been lodged by the student involved, and concluded (1) that there was no merit in petitioner's constitutional argument and (2) that the student's allegations concerning the April 2, 1979, phone call, coupled with petitioner's refusal to respond to these allegations, created an appearance of impropriety which justified his dismissal. The present appeal followed.

Before this Court, petitioner raises a single issue for our consideration, that being whether or not the Commission erred as a matter of law by concluding that Clarion's dismissal did not impermissibly infringe upon his fifth amendment privilege against self-incrimination. Since we believe that Clarion's actions were not constitutionally impermissible, we will affirm.

In his brief to this Court, petitioner cites the United States Supreme Court's decision in *Uniformed*

---

[3] U.S. Const. amend. V.

*Sanitation Men Association, Inc. v. Commissioner of Sanitation of the City of New York*, 392 U.S. 280 (1968), for the proposition that a state employee may not be dismissed from his position for asserting his fifth amendment privilege against self-incrimination unless he is offered use immunity for any subsequent criminal proceeding. While this proposition of law is undoubtedly correct so far as it goes, we fail to see its relevancy to the case at hand.

In the present case, unlike in *Uniformed Sanitation Men Association, Inc.*, it is clear that petitioner was not dismissed *solely* because he had asserted his fifth amendment privilege against self-incrimination, but instead was dismissed because the serious charges made against him, coupled with his refusal to respond to these charges, created an appearance of impropriety which clearly reduced his effectiveness as a security guard.

Furthermore, it is clear that it was not constitutionally impermissible for the Commission to take a negative inference from petitioner's refusal to testify since "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them. . . ." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *Chambers v. Montgomery*, 411 Pa. 339, 192 A.2d 355 (1963).

Accordingly, we find no merit in petitioner's assertion that his dismissal impermissibly infringed upon his fifth amendment privilege against self-incrimination, and will therefore enter the following

ORDER

AND Now, December 18, 1981, the adjudication and order of the State Civil Service Commission, Appeal No. 2804, dated April 25, 1980, is affirmed.

Judge WILLIAMS, JR. dissents.