County of Beaver, Beaver County Children and Youth Services, Petitioner *v.* Diane Funk, Respondent.

County of Beaver, Beaver County Children and Youth Services, Petitioner *v.* Sherri Graeser, Respondent.

Argued September 13, 1984, before Judges DOYLE and PALLADINO and Senior Judge BARBIERI, sitting as a panel of three.

*Gregory Gleason, Hough & Gleason, P.C.*, for petitioner.

*Wesley H. Johnson, Jr.,* General Counsel, for respondents.

Opinion by Judge Palladino, May 9, 1985:

The County of Beaver (County) appeals from two orders of the State Civil Service Commission (Commission) reinstating Respondents Diane Funk and Sherri Graeser. For the reasons set forth below, we affirm the Commission's orders reinstating Respondents Funk and Graeser.

The Commission made the following findings of fact. Respondent Funk was a case aide, regular status, and Respondent Graeser was a caseworker, probationary status. Both worked for Beaver County Children and Youth Services. In 1982 the County was experiencing revenue difficulties, and its Budget Committee recommended that personnel costs for 1983 not exceed those of 1982. Because Respondents' collective bargaining agreement required a nine per cent wage increase effective January 1, 1983, the County offered the bargaining unit a wage freeze with a guarantee of no furloughs in place of the wage increase. The bargaining unit did not accept this offer, and the County, by letters dated December 17, 1982, furloughed Respondents, effective January 17, 1983.

Respondents appealed this furlough to the Commission, asserting that the furloughs were not based on a lack of funds or lack of work but instead were for political reasons. Because of Respondents' different status, the burden of proof before the Commission in each case was different. In the case of Respondent Funk, a regular status employee, the burden of proof was on the County to establish a valid lack of funds or lack of work to justify the furlough.[1] In the case of

---

[1] 4 Pa. Code §105.15(a). The appointing authority shall go forward to establish the charge or charges on which the personnel action was based.

Respondent Graeser, a probationary status employee, the burden of proof was on Graeser to establish that the furlough was based on non-merit factors and therefore discriminatory.[2] The Commission reinstated both Respondents, holding that the County did not meet its burden of proving a valid lack of funds for the furlough, and that because the furlough was improper, it was a violation of the Civil Service Act's (Act)[3] prohibition against discrimination.

The County initially challenges the jurisdiction of the Commission to reinstate Respondents. This challenge is premised on the provisions of Respondents' collective bargaining agreement which set forth procedures to be used when the County furloughs employees. Under Section 802 of the Act, the terms of a labor agreement relative to a furlough procedure shall control the procedures used in a furlough. If no portion of a labor agreement covers furlough procedures, then Section 802 provides the order of seniority to be followed in a furlough.

The County argues that because the collective bargaining agreement did set forth furlough procedures, the Commission is ousted of jurisdiction to hear any challenge to the furlough. This is not the law. If a public employee challenges the procedures used in conducting the furlough, then the proper remedy is to file a grievance under the labor agreement. If a public employee challenges the propriety of the decision to furlough under the provisions of the Act, then the matter is for the Commission to review. *Ermel v. Commonwealth, Department of Transportation*, 79 Pa. Commonwealth Ct. 431, 470 A.2d 1061 (1984). In the instant cases, the employees challenged the propriety of

---

[2] 4 Pa. Code §105.16(a). The appellant shall go forward to establish the charge or charges of discrimination.

[3] Section 905.1 of the Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.905(a).

230

the furloughs as being made without a valid lack of funds or work. Therefore, the Commission did have jurisdiction to review the appeals and reinstate Respondents.

Because the burdens of proof were different, we will examine the decisions of the Commission separately.[4]

2828 C.D. 1983

In Respondent Funk's case, the Commission's opinion stated that the County did not meet its burden of showing a valid lack of funds.[5] We have thoroughly examined the record and agree with the Commission. The County presented nothing more than general statements about the County's 1982 deficit. It did not produce copies of the 1982 and 1983 budgets, or any other specific evidence of the need for financial cuts which would justify the furlough. The only evidence presented by the County consisted of testimony showing that the County had made a policy decision to hold personnel costs down to 1982 levels. Nothing in the record indicates that this policy decision was necessitated by a lack of funds.[6] Therefore, we affirm the decision of the Commission which holds that the County did not prove a valid lack of funds and which rein-

[4] Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or a necessary finding of fact was unsupported by substantial evidence. *Brengle v. Department of Public Welfare, Lancaster County Board of Assistance*, 81 Pa. Commonwealth Ct. 584, 474 A.2d 352 (1984).

[5] The County did not attempt to establish lack of work as the basis for the furlough.

[6] We note that a lack of funds need not rise to the level of bankruptcy. A lack of funds exists when insufficient revenue is available to meet all financial demands unless modifications are made in the system. *Forbes v. Department of Transportation*, 61 Pa. Commonwealth Ct. 641, 434 A.2d 892 (1981),

states Respondent Funk to her position as case aide, regular status.

2829 C.D. 1983

In Respondent Graeser's case, she had the burden of proving that the furlough was discriminatory under Section 905.1 of the Act. Section 905.1 states:

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

71 P.S. §741.905(a).

Respondent Graeser presented evidence concerning the financial state of the County at the time of the furlough, as well as testimony to establish an improper motivation for the furlough.[7] The Commission, relying on evidence showing sufficient funds to allow the retention of Respondent Graeser, concluded that the implementation of the furlough was improper, and therefore based on non-merit factors. We have carefully examined the record, and it contains substantial evidence to support this conclusion.

Accordingly, we affirm the order of the Commission which reinstates Respondent Graeser to her position as Caseworker, probationary status.

ORDER IN 2828 C.D. 1983

AND Now, May 9, 1985, the decision of the Civil Service Commission in Appeal No. 4383, dated September 16, 1983, is affirmed.

---

[7] Respondent Graeser and other witnesses testified that they believed the furlough to be in retaliation for the bargaining unit's refusal to accept the wage freeze.

232

ORDER IN 2829 C.D. 1983

AND Now, May 9, 1985, the order of the Civil Service Commission in Appeal No. 4384, dated September 16, 1983, is affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.