Robert L. Glover, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Norristown State Hospital, Department of Public Welfare, Respondent.

Argued April 8, 1985, before Judges MacPhail, Doyle and Palladino, sitting as a panel of three.

H. David Spirt, for petitioner.

Andrew A. Coater, with him, Gary Goldman, for respondent, Department of Public Welfare.

Opinion by Judge MacPhail, June 11, 1985:

Robert L. Glover, Sr. (Petitioner) has filed this Petition for Review from a State Civil Service Commission (Commission) order which sustained the action of Norristown State Hospital, Department of Public Welfare (Appointing Authority) dismissing Petitioner from his position as a Police Officer I (Regular Civil Service Status). We affirm the Commission.

The record reflects the following facts. Upon receiving a complaint that Petitioner possessed Commonwealth property in his residence, the Pennsylvania State Police contacted the Appointing Authority and, on November 19, 1981, went to Petitioner's home to investigate. The State Police informed Petitioner of the reason for their search. Petitioner then signed a consent form. The State Police found a large quantity of items belonging to the Commonwealth.

Petitioner cooperated by identifying which items were his and which items were "from the hospital".[1] The Commonwealth property was then removed from the premises.

On November 20, 1981, Petitioner was suspended from his position pending further identification of the property. Petitioner was subsequently suspended without pay, and on December 2, 1981, formally dismissed. Petitioner then appealed the dismissal to the Commission which, after hearing testimony, sustained the dismissal, finding that Appellant did not meet his burden of proving that his possession of Commonwealth property was proper. This appeal followed.

Petitioner presents two issues for our review. Petitioner first contends that there was not substantial evidence to support the Commission's findings of fact. Petitioner's second issue concerns whether there was a proper entry into Petitioner's residence.

We must affirm the Commission's adjudication unless we find that constitutional rights were violated, an error of law was committed or necessary findings of fact were unsupported by substantial evidence. *Lylo v. Department of Environmental Resources*, 83 Pa. Commonwealth Ct. 101, 477 A.2d 897 (1984). "Substantial evidence needed to support a finding of the State Civil Commission is the relevant evidence that a reasonable mind, without weighing the evidence or substituting its judgment for that of the Commission, might accept as adequate to support the conclusion reached." *Silvia v. Pennhurst Center, Department of Public Welfare*, 63 Pa. Commonwealth Ct. 75, 78, 437 A.2d 535, 536 (1981). The Commission resolves questions of credibility and evidentiary con-

---

[1] More than 250 items identified by a marking "Commonwealth of Pennsylvania" or "Norristown State Hospital" or both, were confiscated. They ranged from soap to a swivel chair.

flicts, and this Court will not substitute its judgment for that of the Commission. *Wagner v. Department of Transportation,* 76 Pa. Commonwealth Ct. 78, 463 A.2d 492 (1982).

Petitioner was charged with the unlawful possession of Commonwealth property. The uncontradicted testimony presented by the Appointing Authority raises a presumption that just cause existed to remove Petitioner from his position. Section 807 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.807. The Commission found that the Appointing Authority had carried its burden of proving that Petitioner possessed the Commonwealth property in question. It was then Petitioner's burden to prove that his possession was lawful. Petitioner did not testify before the Commission and did not present any evidence on his behalf. Because Petitioner did not rebut any of the Appointing Authority's testimony, the Commission concluded that substantial evidence existed to support a finding of just cause. We have held that it is constitutionally permissible for the Commission to take a negative inference from Petitioner's failure to present evidence on his behalf. *Wilson v. Department of Education,* 63 Pa. Commonwealth Ct. 275, 437 A.2d 1286 (1981). Our review of the record convinces us that the charge brought against Petitioner was proved by substantial evidence.

Petitioner's second issue is whether there was a proper entry into his residence. Petitioner argues that his consent was not voluntary because he was given no choice: either sign the consent form or a search warrant would be executed. Assuming without deciding that this issue is properly before us,[2] we

---

[2] Petitioner did not raise this issue before the Commission, although the issue was brought out on cross-examination. The Com-

nevertheless find that Petitioner's contention is without merit.

In evaluating the voluntariness of the consent, we examine the totality of the circumstances surrounding the consent. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). "Some of the circumstances to be considered in determining voluntariness of consent are whether the accused has assisted in the search, and the education, intelligence and experience of the person giving consent." *Commonwealth v. Markman*, 320 Pa. Superior Ct. 304, 313, 467 A.2d 336, 341 (1983). In the instant case, Petitioner was a police officer. When the State officers arrived at the house, they asked Petitioner to sign a consent form. When Petitioner asked what would happen if he did not consent, they announced that they had a warrant. As a police officer, Petitioner was aware that if he did not consent, the State Police officers would execute the search warrant. Petitioner signed the consent form and assisted in the search of his residence. The State Police officers were polite and did not coerce Petitioner in any way. We find that in the circumstances of this case, Petitioner's consent was voluntary. *See Commonwealth v. Dressner*, 232 Pa. Superior Ct. 154, 336 A.2d 414 (1975) (Appellant, an experienced policeman, had full knowledge of his constitutional rights during criminal investigation).[3] We will, therefore, affirm the order of the Commission.

---

mission, in its discussion following its findings of fact, indicated that Petitioner consented to the search. The Petition for Review did not allege that the search violated Petitioner's constitutional rights; the issue was raised for the first time in Petitioner's brief to this Court.

[3] *Cf. Commonwealth v. Banahasky*, 250 Pa. Superior Ct. 495, 378 A.2d 1257 (1977) (when told that officers had a warrant, consent under such circumstances is not voluntary).

ORDER

The order of the Pennsylvania State Civil Service Commission, No. 3741, dated September 21, 1982, is affirmed.