553 A.2d 102

Civil Service Commission of West Mifflin, Appellant *v.* John D. Vargo, Appellee.

*Donald C. Fetzko,* for appellant.

*Ronald P. Koerner, Gatz, Cohen, Segal & Koerner,* for appellee.

OPINION BY JUDGE PALLADINO, January 19, 1989:

The Civil Service Commission of West Mifflin (Commission) appeals an order of the Court of Common Pleas of Allegheny County (trial court) reversing its decision to uphold a five-day suspension of John D. Vargo (Appellee). We reverse.

Appellee was employed as a police officer by the Borough of West Mifflin. As a result of prior incidents of damage to police vehicles and other borough property, the mayor of West Mifflin on September 20, 1984 posted a notice that further incidents of negligence or inattentiveness on the part of police officers that led to damage or theft of police vehicles would result in the imposition of appropriate discipline, up to and including discharge. Record Exhibit "C." On November 25, 1984, at approximately 4:45 A.M., Appellee and several other officers responded to a call at a local bar where patrons were creating a disturbance. Appellee, who was the driver of one of the vehicles that morning, pulled into the parking lot of the bar, exited the vehicle, and went inside along with his partner to assist in subduing the patrons.

While Appellee was in the bar, one of the patrons stole the police car which Appellee had been driving, and eventually drove the car off the road and down an embankment. As a result, the police car was totally destroyed. When other police officers later inspected the vehicle at the scene of the accident, the keys to the vehicle were found in the ignition.

By letter dated December 12, 1984, the mayor notified Appellee that he was to be suspended for a period of five (5) days, effective December 13, 1984, for his negligence in leaving the keys in the ignition of the police vehicle[1] Record Exhibit "D." The letter stated that

---

[1] Under section 1124 of The Borough Code (Code), Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §46124,

Appellee was being suspended pursuant to section 1190(4) of The Borough Code (Code), Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46190, which provides for suspension for inefficiency, neglect, intemperance, immorality, disobedience of orders, or conduct unbecoming an officer. On December 18, 1984, the Borough Council voted to uphold the suspension. Record Exhibit "A." Written notice of the Borough Council's Decision was sent to Appellee by letter dated December 19, 1984. Record Exhibit "B."

Appellee appealed to the Commission, which, after a hearing, upheld the suspension. The Commission determined that Appellee's conduct constituted negligence under section 1190 of the Code, 53 P.S. §46190. Appellee then appealed to the trial court, which reversed the Commission's decision without taking additional evidence. The trial court concluded that there was no *direct* evidence to establish that Appellee left the keys in the ignition on the morning in question. Further, the trial court determined that even if Appellee negligently left the keys in the ignition, such negligence did not *cause* the theft and ultimate destruction of the vehicle. Accordingly, the trial court ordered that Appellee be reimbursed for five days lost wages and directed that record of the suspension be expunged from Appellee's personnel file.

On appeal to this court, the Commission contends that its finding that Appellee negligently failed to remove the keys from the ignition *was* supported by substantial evidence. The Commission also argues that the trial court erred in concluding that Appellee's negligence, if any, did not cause the damage to the vehicle.

---

the mayor is given the power to suspend, for cause and without pay, any policeman until the succeeding regular meeting of the borough council.

Where the trial court takes no additional evidence, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, there was noncompliance with the Local Agency Law, or whether the Commission's findings of fact are supported by substantial evidence. *Schmidt v. Borough of Baldwin,* 82 Pa. Commonwealth Ct. 580, 477 A.2d 572 (1984).

### SUBSTANTIAL EVIDENCE

The Commission first asserts that the trial court erred in concluding that the Commission's finding that Appellee negligently left the keys in the ignition was unsupported by substantial evidence since no *direct* evidence was presented to establish that Appellee actually did so. At the hearing before the Commission, Appellee testified that he could not recall whether he removed the keys from the ignition on the morning in question, but stated that his usual practice was to take the keys out of the ignition and place them in the pocket of his police jacket. Notes of Testimony at 51, 58. Appellee also testified that it was possible that the keys could have been jostled or stolen from his pocket while he was in the bar because, as he was attempting to handcuff one of the patrons, other customers were grabbing and pulling at him. N.T. at 52, 54-55.

Police Sergeant James Matthews, who had also responded to the call at the bar, testified that he observed the individual who stole the car leaving the bar as Appellee entered the establishment, and he did not later observe the same man *in* the bar or *re-entering* the bar. N.T. at 12, 23. Finally, Sergeant Matthews testified that when the stolen car was recovered, he observed the department-issued keys in the ignition. N.T. at 15.

Based upon the above testimony, the Commission concluded that Appellee left the keys in the ignition

when he exited the vehicle and went into the bar. Although Appellee was unable to remember whether he did or did not remove the keys from the ignition, this does not render the evidence upon which the Commission based its findings insubstantial. This court has defined "substantial evidence" as relevant evidence which a reasonable mind might accept as adequate to support the conclusion reached. *Glover v. Norristown State Hospital,* 90 Pa. Commonwealth Ct. 58, 494 A.2d 39 (1985).

The Commission specifically found Appellee's suggestion that the keys were jostled or stolen to be lacking in credibility. Finding of Fact No. 1(D).[2] We note that questions of credibility and evidentiary weight are within the province of the Commission as factfinder. *Department of Public Welfare v. Sanders,* 102 Pa. Commonwealth Ct. 426, 518 A.2d 878 (1986).

## CAUSATION

The Commission next contends that the trial court erred in concluding that Appellee's negligence, if any, was not the cause of the theft, operation, and eventual destruction of the vehicle. In addressing the issue of when an intervening act by a third person constitutes a superseding cause of harm, the Pennsylvania Supreme Court has stated that:

'The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, *unless the*

---

[2] We note that the Commission's adjudication does not appear in the original record provided to this court. However, Appellee does not dispute the accuracy of the copy of the decision which is found in the reproduced record.

*actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime.'*

*Ford v. Jeffries,* 474 Pa. 588, 597, 379 A.2d 111, 115 (1977) (quoting the Restatement (Second) of Torts §448 (1965))(emphasis ·in original); *see Mike v. Borough of Aliquippa,* 279 Pa. Superior Ct. 382, 421 A.2d 251 (1980).

Given the facts of this case, we cannot conclude that the theft of the police vehicle was a superseding cause of the ultimate destruction of the vehicle. Under the Restatement test set forth in *Ford,* a police officer who negligently fails to remove keys from the ignition of a police vehicle should realize that a third person might steal the vehicle. Thus, the trial court erred in determining that the theft by the bar patron relieved Appellee of· responsibility for the damage to the car.

Accordingly, we reverse.

### ORDER

AND NOW, January 19, 1989, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed.