613 A.2d 165

Joseph ROZEK, Appellant,

v.

BRISTOL BOROUGH, Appellee.

BOROUGH OF BRISTOL, Petitioner,

v.

PENNSYLVANIA LABOR RELATIONS BOARD, Respondent.

Commonwealth Court of Pennsylvania.

Argued June 15, 1992.

Decided July 29, 1992.

432

Thomas F. Edwards, Jr., for appellant Joseph Rozek.

Richard M. Snyder, for appellee, respondent, Borough of Bristol.

James L. Crawford, for respondent Pa. Labor Relations Bd.

Before COLINS and PELLEGRINI, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Presently before this Court are two appeals, one by Joseph Rozek (Rozek), a former police officer of Bristol Borough, and the other by Bristol Borough (the Borough). While the appeals were not consolidated, each involve essentially the same facts and the two are inextricably intertwined. For reasons that shall be become clear in a moment, we will analyze both appeals in one opinion.

Rozek became the president of his local union in January of 1990. Thereafter, he engaged in a number of union activities, including negotiating a new collective bargaining agreement, filing grievances and attempting to raise funds for the union. On October 20, 1990, Rozek called and informed his supervisors that he was taking a day of sick leave. He went to the bank and the drugstore and was seen by the Borough's police chief. He was informed that he was being suspended for thirty days under a Borough regulation prohibiting employees who have taken sick leave from leaving home without a good reason. Rozek filed an appeal with the Borough's civil service commission. At that hearing, he testified that he had to go to the bank to deposit both his paycheck and his wife's to get cash to buy medicine at the drugstore. When the Borough's attorney noted that Rozek's paycheck had been issued two days earlier, Rozek explained that this was his first opportunity to deposit his paycheck. The civil service upheld the suspension by order of December 12, 1990, and Rozek sought review from common pleas court. Shortly after the original hearing before the Borough's civil service commission, held on November 8, 1990, the Borough's police chief obtained Rozek's cancelled paycheck and discovered that markings on the back indicated that Rozek had, in fact, cashed the check at his bank on October 18, 1990, two days before he called in sick. In December of 1990, Rozek was reelected as president of his local union. In January of 1991, he was informed that he was being terminated for conduct unbecoming an officer, i.e., offer-

ing false testimony under oath at the civil service hearing. At this point, Rozek filed two appeals which were the genesis of the two subsequent appeals presently before us.

In addition to filing an appeal with the civil service commission, Rozek filed a complaint with the Pennsylvania Labor Relations Board, alleging that the Borough had committed unfair labor practices in violation of Section 6(c) of the Pennsylvania Labor Relations Act, Act of June 1, 1937, P.L. 294, *as amended,* 43 P.S. § 211.6 and of the provisions of Act 111, Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§ 217.1– 217.10 (Supp.1992–93). Specifically, Rozek charged that his termination was in retaliation for his union activities.

Rozek's civil service appeal was heard by the Borough's civil service commission on February 5, 1991. At that hearing, the police chief testified concerning his investigation and what he had learned concerning the October 18 paycheck. The Borough also introduced copies of the transcript of the November 1990 hearing before the civil service commission. While Rozek was present at the hearing and represented by counsel, he did not testify. On April 5, 1991, the civil service commission upheld that termination, finding that Rozek had, in fact, offered false testimony under oath at the November 1990 hearing and that this action constituted conduct unbecoming an officer which justified his termination. Rozek appealed this order to the court of common pleas and it was consolidated with Rozek's other civil service appeal by agreement of the parties.

The unfair labor practice charge was heard by a hearing examiner for the Pennsylvania Labor Relations Board (PLRB) on May 10, 1991. At that hearing, Rozek testified that he had been mistaken when he testified at the November 1990 civil service hearing. He admitted to cashing his own paycheck on October 18, 1990; he also testified that he did cash his wife's paycheck on October 20 along with a few other small checks. He also described his union activities, including the filing of a grievance concerning medical benefits two weeks before his original thirty day suspension. He also described fund raising activities for the union which the Borough had curtailed. In

addition, he presented the testimony of two union officers who had been disciplined only to have the suspensions overturned by the civil service commission. The police chief admitted on cross-examination that he had reprimanded two union officers for going directly to the mayor to discuss union matters. Furthermore, the chief admitted that Rozek was reelected president of the union in the period between the original civil service hearing and the termination in January of 1991.

On August 7, 1991, the hearing examiner issued a proposed decision and order in which he specifically credited Rozek's testimony that he had made an honest mistake when testifying before the civil service commission in November of 1990. The examiner also found that reason given for the discharge was pretextual and that Rozek was, in fact, dismissed because of his union activities. The examiner ordered that Rozek be reinstated with back pay. The Borough filed exceptions.

On September 11, 1991, the common pleas court issued an opinion concerning Rozek's two civil service appeals. The court reviewed the matter in an appellate context. The court reversed the thirty day suspension, concluding that the Borough's regulation was too vague concerning what constituted "good reason" for leaving the house after calling off sick.[1] The court went on to conclude that substantial evidence existed to support the civil service commission's finding that Rozek had offered false testimony under oath. The court, therefore, affirmed Rozek's termination. Rozek has appealed to us.

On October 8, 1991, the PLRB dismissed the Borough's exceptions and made final and absolute the hearing examiner's proposed decision and order. The Borough has also appealed to us this order requiring Rozek's reinstatement. Each of those appeals were argued on June 15, 1992, before this Court.

■ Under either appeal, our standard of review is the same. We are limited to determining, *inter alia*, whether a party's constitutional rights were violated, if an error of law

---

1. The Borough has not appealed this portion of the common pleas court's order.

was committed and that all necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Harbaugh v. Pennsylvania Labor Relations Board,* 107 Pa.Commonwealth Ct. 406, 528 A.2d 1024 (1987); *Polomski v. Borough of Mount Carmel,* 118 Pa.Commonwealth Ct. 339, 544 A.2d 1137 (1988). When considering the arguments presented in the context of the proper standard of review, we believe that each appeal should be affirmed. After discussing each of the individual appeals, we will consider the fact that affirming both leads to diametrically opposite results, i.e., one affirms Rozek's termination while the other orders him to be reinstated with back pay.

## ROZEK v. BRISTOL BOROUGH

### (No. 2148 C.D. 1991)

■ In this appeal, Rozek challenges the propriety of the order of the court of common pleas affirming the civil service commission's upholding of his termination. Rozek first argues that his constitutional rights were violated when the common pleas court treated the two civil service appeals as individual cases. Rozek reasons that the lack of guidelines for the Borough regulation concerning leaving home while on sick leave renders those proceedings a nullity. What Rozek is essentially arguing is that, since the original suspension cannot stand, he was thus permitted to perjure himself at the proceedings based upon that invalid suspension. Rozek cites no authority for such a proposition and we refuse to accept it. We thus cannot conclude that Rozek's constitutional rights were violated upon these facts.

He next argues that the evidence presented to the Borough's civil service commission was insufficient to support the commission's conclusion that he had engaged in conduct unbecoming an officer. Again, we must disagree.

■ Rozek's argument is bottomed upon the assumption that his testimony at the original hearing was the result of an honest mistake. The civil service commission is the fact finder, *Civil Service Commission of West Mifflin v. Vargo,*

122 Pa.Commonwealth Ct. 642, 553 A.2d 102 (1989), and in this case chose to believe, based upon the evidence presented by the Borough, that Rozek had intended to deceive the commission when he testified. Such a factual finding is beyond our power to review. Based upon the record before the civil service commission, we must conclude that the finding is based upon substantial evidence. We must reject this argument of Rozek.

■ Finally, Rozek argues that the court of common pleas should have deferred jurisdiction over the appeal to the action before the PLRB. We must first note that the record does not show that Rozek ever made such a request of the common pleas court. It is well settled that issues raised for the first time on appeal are generally waived. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). Furthermore, while Rozek alleged before the commission that his termination was motivated by an anti-union bias by the Borough, the commission, the fact finder, made no finding on this allegation. Because we find no merit to any of the arguments presented by Rozek in the civil service appeal, we must affirm the court's order upholding his termination.

## BOROUGH OF BRISTOL v. PENNSYLVANIA LABOR RELATIONS BOARD

### (No. 2226 C.D. 1991)

■ ■ The Borough here argues that the record contains no substantial evidence to support the PLRB's finding that the reason given for Rozek's termination was pretextual and that he was, in fact, discharged because of his union activities. The Pennsylvania Supreme Court has made clear that the PLRB is the fact finder. *Appeal of Cumberland Valley School District*, 483 Pa. 134, 394 A.2d 946 (1978). As that Court explicitly stated a half century ago, "[I]t is the function of the board not only to appraise conflicting evidence, to determine the credibility of witnesses, and to resolve primary issue of fact, *but also to draw inferences from the established facts and circumstances....*" *Pennsylvania Labor Relations Board v.*

*Kaufmann Department Stores, Inc.,* 345 Pa. 398, 400, 29 A.2d 90, 92 (1942) (emphasis added). Without restating all of the evidence presented before the hearing examiner, we believe the evidence presented and the inferences drawn therefrom support the PLRB's finding that Rozek had proven an anti-union bias on the part of the Borough which was the reason he was fired. The Borough advances a number of reasons why different inferences should have been drawn, including the testimony of two Borough officials who stated that Rozek's union activities played no part in their decision to terminate Rozek. Those arguments, however, were for the PLRB to decide and not this Court and the PLRB decided those questions in favor of Rozek.

The Borough also argues that because Rozek chose to appeal his dismissal to the civil service commission he is precluded from seeking review of the dismissal before the PLRB. In support of this argument, the Borough cites two cases from this Court. *Ermel v. Department of Transportation,* 79 Pa.Commonwealth Ct. 431, 470 A.2d 1061 (1984), however, is simply inapplicable because there was no allegation of an unfair labor practice in that case; rather, that case involved a interpretation of a memorandum of understanding involving the "bumping" rights of an employee who was furloughed. In *Beaver County Children and Youth Services v. Funk,* 89 Pa.Commonwealth Ct. 226, 492 A.2d 118 (1985), a probationary employee challenged her furlough as discriminatory under Section 905.1 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *added by* the Act of August 27, 2963, P.L. 1257, 71 P.S. § 741.905a, which prohibits personnel actions being made on the basis of non-merit factors, including union affiliation. We affirmed the commission's reinstatement of the employee based upon its finding that the municipality had failed to prove it lacked the funds to retain the employee; thus the commission found that the furlough was based on a non-merit factor. It is important to note that Beaver County does not involve a conflict between decisions of a civil service commission and the PLRB. As the Borough has cited no authority for the proposition that a decision of the civil service

commission precludes relief from the PLRB, we must reject this argument. As none of the Borough's arguments are availing, we must affirm the order of the PLRB.

## CONFLICTING ORDERS

We have affirmed two orders of different tribunals, one of which upholds Rozek's termination and the other which orders him to be reinstated with back pay. We recognized this possibility prior to argument and, as a result, issued an order on June 9, 1992, requiring the parties to be prepared to argue which of the conflicting orders should take precedence. For the following reasons, we believe that the order of the PLRB must control.

We must first note that we can find no case which involves a conflict between decisions of a civil service commission and the PLRB. The Legislature, however, has chosen to give certain protections to employees of this Commonwealth. For example, in addition to those mentioned in this opinion, employees are protected against discrimination by Section 3 of the Human Relations Act, Act of October 27, 1955, P.L. 744, as amended, 43 P.S. § 953. Employees also may challenge actions under any existing collective bargaining agreement. Because the Legislature has not chosen to limit the existence of alternative remedies whenever an action of an employer affects the rights guaranteed by the various acts, any decision which concludes that the employee's rights under the act have been violated must control, as long as the decision is one the adjudicating body is empowered to make. In this case, the PLRB has jurisdiction to decide if an unfair labor practice was committed; having concluded that there was an unfair labor practice, the PLRB was empowered to order Rozek's reinstatement. Therefore, that order must control and take precedence over the order of the common pleas court which affirmed the decision of the Civil Service Commission.

## ORDER

No. 2148 C.D. 1991

NOW, July 29, 1992, the order of the Court of Common Pleas of Bucks County, dated September 11, 1991 at No. 91–

2256–18–6 is affirmed.  But see the entire opinion filed in this case.

## ORDER

### No. 2226 C.D. 1991

NOW, July 29, 1992, the order of the Pennsylvania Labor Relations Board, dated October 8, 1991, at Case No. PF–C–9113–E is affirmed.