636 A.2d 1228

**Susan M. HASKINS, Petitioner,**

v.

**DEPARTMENT OF ENVIRONMENTAL RESOURCES, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 13, 1993.

Decided Jan. 6, 1994.

Gary L. Rothschild, for petitioner.

Patrick H. Bair, Asst. Counsel, for respondent.

Before McGINLEY and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Susan M. Haskins appeals from the order of the Civil Service Commission (Commission) affirming her furlough by the Department of Environmental Resources (Department). We affirm.

Haskins worked for the Department as an Environmental Community Relations Specialist (ECRS) at the *Harrisburg central office.* As a Civil Service employee, Haskins was primarily responsible for press releases concerning the "Abandoned Mine Reclamation Program."

On November 15, 1989 and October 9, 1990, the Commission approved the hiring of ECRS employees, exempt from Civil Service status. All of the non-Civil Service ECRS positions would be located at the regional offices. The duties of the regional office ECRS differed from the duties of the Harrisburg central office ECRS employees.

In January 1991, the Department underwent a reduction in force, reorganizing work and eliminating those positions which were not essential in order to streamline the Department and create more efficient operation. The Department determined that the ECRS positions at the Harrisburg central office could be abolished because the work could either be reassigned or eliminated. The Department notified Haskins and the two other ECRS employees in the Harrisburg central office furlough unit that they would be furloughed effective February 28, 1991.[1]

---

1.  Prior to Haskins' furlough, Justine Suppine commenced employment with the Department as Deputy Press Secretary. The position of Deputy Press Secretary was a pre-existing non-Civil Service status position. Suppine would eventually assume some of the duties performed by Haskins.

Haskins appealed to the Commission alleging that the Department failed to establish that a lack of work existed since it had hired non-Civil Service employee to perform the work previously done by her. The Commission dismissed Haskins' appeal, holding that the Department had met its burden of showing that a lack of work existed to justify the furlough. The Commission also made the following pertinent findings:

12. All of the non-Civil Service ECRS positions are located within the appointing authority's [DER] Regional Offices. N.T. p. 38. The Regional offices are separate furlough units. N.T. pp. 43, 47.

13. None of the duties previously performed by the Appellant were reassigned to the non-Civil Service status ECRSs employed in the Regional offices. N.T. pp. 63–64.

(Commission's opinion at 2–3).

On appeal to this court,[2] Haskins argues that the Commission's findings are not supported by substantial evidence because the Department reassigned work to non-Civil Service employees, including Ms. Suppine and thus, failed to demonstrate a lack of work.

Section 3(s) of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. § 741.3(s), defines "furlough" as a "termination of employment because of lack of funds or of work." When the validity of the furlough is challenged the appointing authority has the burden of proving a prima facie case justifying the furlough, i.e., that the furlough resulted from a lack of funds or a lack of work. 4 Pa.Code § 105.15. This burden is met by showing that: 1) the employee's position is eliminated; 2) a reorganizational streamlining occurs; and 3) management in good faith believes that the work can be accomplished more efficiently in the absence of the eliminated position. *Department of State v. Stecher,* 506 Pa. 203, 484 A.2d 755 (1984). An agency can create a valid "lack of work" furlough by either contracting

---

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

out services previously performed by the furloughed employee or by eliminating the duties performed in order to enhance operational efficiency and secure cost savings under the Act. *Stump v. Department of Labor and Industry,* 154 Pa.Commonwealth Ct. 471, 624 A.2d 229 (1993). The Supreme Court has determined that when an agency determines that necessary work can be performed adequately with fewer employees, thus saving Commonwealth funds, that agency is obliged to "tighten up" its work force by eliminating excess positions. *Stecher.*

The Department testified that beginning in January 1991 it had been directed to commence a reorganizational streamlining. The purpose of the reorganization was to achieve greater efficiency within the Department, primarily from a total cost standpoint. Haskins' position was examined and it was determined that the work she performed could be eliminated or reassigned without impairing the ability of the Department to complete its work.

Haskins contends that because some of her work was reassigned to a non-Civil Service employee that this demonstrates that there was no "lack of work" and the Department was merely attempting to circumvent the provisions of the Act relying on *Department of Education v. Conmy,* 90 Pa.Commonwealth Ct. 359, 495 A.2d 976 (1985).[3] We do not agree.

First, the Commission found that Haskins' main duty, issuing of press releases concerning the "Abandoned Mine Reclamation Program", no longer existed. The Commission also found that the Deputy Press Secretary Suppine had assumed only some of Haskins' duties and although Ms. Suppine was non-Civil Service employee, Ms. Suppine's job, Deputy Press Secretary, was not a newly created position in the Department. Further, because the work performed by the ECRSs

---

**3.** *Conmy* dealt with an appointing authority which claimed to eliminate a position because of lack of work but then created a new job which included many of the former employee's responsibilities. *Conmy* is distinguishable from this case because none of the ECRSs performed any of Haskins' responsibilities and Ms. Suppine, who eventually took over some of Haskins' tasks, was in a pre-existing non-Civil Service job.

in the regional offices was never the same as the duties performed by the Harrisburg central office ECRSs, the Commission found that the furlough of the Harrisburg central office ECRSs was not an impermissible attempt to circumvent the Act.

The Commission, when presented with conflicting testimony, is the fact finder. *Civil Service Commission of West Mifflin v. Vargo,* 122 Pa.Commonwealth Ct. 642, 553 A.2d 102 (1989). Findings of fact made by the Commission must be supported by substantial evidence. Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion reached. *Department of Public Welfare v. Hoon,* 143 Pa.Commonwealth Ct. 212, 598 A.2d 1042 (1991). Because it is the Commission's province to judge issues of credibility and resolve evidentiary conflict, we only examine and do not weigh evidence. *Department of Public Welfare v. Sander,* 102 Pa.Commonwealth Ct. 426, 518 A.2d 878 (1986). We cannot substitute our judgment for that of the Commission. *Id.* We have carefully reviewed the record and hold that the findings made by the Commission that the Department demonstrated a "lack of work" thus allowing Haskins' furlough is supported by substantial evidence.

■ An appointing agency of the Commonwealth, as the Department is here, has the responsibility to determine what work, in its judgment, is necessary to be performed and how that work can be performed most efficiently. *Department of Public Welfare v. Magrath,* 14 Pa.Commonwealth Ct. 257, 321 A.2d 403 (1974). It is not within our prerogative to second guess this decision.

Accordingly, we affirm.

### *ORDER*

AND NOW, this 6th day of January, 1994, the order of the Civil Service Commission in the above-captioned matter is hereby affirmed.