**Dr. Russell P. BUMBA, Jr., Petitioner,**

v.

**PENNSYLVANIA STATE SYSTEM OF HIGHER EDUCATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 9, 1999.

Decided June 10, 1999.

Reargument Denied Aug. 4, 1999.

Jana R. Barnett, Wyomissing, for petitioner.

Wayne S. Melnick, Harrisburg, for respondent.

Before KELLEY, J., LEADBETTER, J. and JIULIANTE, Senior Judge.

KELLEY, Judge.

Dr. Russell P. Bumba, Jr. appeals from an order of the Pennsylvania State System of Higher Education (State System) which (1) denied Dr. Bumba's exceptions to a proposed report that concluded that Kutztown University had the right to furlough Dr. Bumba as a result of a lack of funds,

and (2) adopted the proposed report in its entirety. We affirm.

Dr. Bumba was employed by Kutztown University as Dean for Student Services. By letter dated May 1, 1996, Kutztown University notified Dr. Bumba that he would be furloughed from his position as of August 31, 1996. The letter advised Dr. Bumba that the furlough was not related to his job performance, but was part of Kutztown University's response to a fiscal shortfall and the intent to reduce the administrative structure.

Dr. Bumba appealed the furlough by letter dated July 29, 1996. Hearings were held on July 31 and August 1, 1997 before a hearing examiner. On February 13, 1998, the hearing examiner issued a proposed report, with findings of fact and conclusions of law. The hearing examiner ultimately concluded that Kutztown University had the right to furlough employees as a result of a lack of funds and a lack of work and that Dr. Bumba's furlough was justified on the basis of lack of funds.

Dr. Bumba filed exceptions to the proposed report and Kutztown University opposed them. A hearing on Dr. Bumba's exceptions was held before a designee of the Chancellor of the State System on July 10, 1998. On August 20, 1998, the State System, Office of the Chancellor, issued an opinion and order denying Dr. Bumba's exceptions and adopted the hearing examiner's proposed report in its entirety. On September 15, 1998, Dr. Bumba filed a timely petition for review with this Court.[1]

Dr. Bumba has raised the following issues for our review:

1. Did the State System commit an error of law or an abuse of discretion in concluding that Kutztown University furloughed Dr. Bumba for lack of funds, (a) without deter-

---

1. This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, whether errors of law have been committed, and whether necessary findings of fact are supported by substantial evidence. *See Nosko v. Somerset State Hospital,* 139 Pa.Cmwlth. 367, 590 A.2d 844 (1991). Substantial evidence is any relevant evidence that a reasonable mind might consider adequate to support a conclusion. *Mihok v. Department of Public Welfare,* 147 Pa. Cmwlth. 344, 607 A.2d 846 (1992).

mining whether there was sufficient revenue to meet the financial demands without modifications, (b) without determining whether Kutztown University realized substantial savings as a result of furloughing Dr. Bumba, and (c) without determining whether Kutztown University's furlough of Dr. Bumba bore a relationship to the budgetary reduction.

2. Whether the State System failed to make all necessary findings of fact which were supported by substantial evidence in the record.

Under the Public School Code of 1949 (School Code),[2] Kutztown University is one of fourteen universities within the State System. Section 2002–A(8) of School Code, 24 P.S. § 20–2002–A(8).[3] As such it is subject to the Merit Principles Policy (MPP),[4] a merit based personnel policy, adopted by the Board of Governors pursuant to Section 2006–A(a)(8) of the School Code, 24 P.S. § 20–2006–A(a)(8). The MPP sets forth principles for policy administration, hearing procedures, employee discipline, and notice requirements and other rules governing the State System. The purpose of the general provisions of the MPP is to establish a general personnel policy consistent with merit principles by which State System universities shall operate. Section A of the MPP, Supplemental Reproduced Record (R.) 1b. The policy, however, is "not intended to restrict flexibility, discourage innovation, or create any unwarranted regulatory burden within the State System." *Id.*

Under the MPP, furlough is defined as "the termination of an employee's employment either for a specified period of time

or permanently as part of a reduction in workforce effort." Section F of the MPP, R. 3b. While the MPP defines and sets forth the procedure process for furloughs, the MPP fails to provide any guidance as to what criteria is necessary in order furlough a State System employee. Guidance, however, can be found in the Civil Service Act,[5] Rules of the Civil Service Commission[6] and related case law.

■ Section 3 of the Civil Service Act, 71 P.S. § 741.3, defines furlough as "the termination of employment because of lack of funds or of work." A furlough of a state civil servant may only be validly implemented on the basis of lack of work or lack of funds. 4 Pa.Code § 101.1(a); *Dougherty v. Department of Health*, 113 Pa. Cmwlth. 620, 538 A.2d 91 (1988). Both the MPP and the Rules of the Civil Service Commission provide that when the validity of a furlough is challenged, the appointing authority[7] has the burden of proving a prima facie case justifying furlough. Section L.3 of the MPP, R. 7b; 4 Pa.Code § 105.15. *See Haskins v. Department of Environmental Resources*, 161 Pa.Cmwlth. 220, 636 A.2d 1228 (1994).

Dr. Bumba first contends that the State System committed an error of law or an abuse in discretion in concluding that Kutztown University had satisfied its burden of proving that Dr. Bumba was furloughed due to lack of funds. We disagree.

■ In order for there to be a lack of funds, there must be insufficient revenue to meet all financial demands unless modifications are made in the system. *See County of Beaver v. Funk*, 89 Pa.Cmwlth. 226, 492 A.2d 118 (1985); *Forbes v. De-*

---

**2.** Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 1–101–27–2702.

**3.** Added by the Act of November 12, 1982, P.L. 660.

**4.** Policy 1983–01–A adopted May 23, 1983, amended July 15, 1987 and October 9, 1997.

**5.** The Act of August 5, 1941, P.L. (1965) 1656, *as amended,* 71 P.S. §§ 741.1–741.1005.

**6.** 4 Pa.Code §§ 91.1–105.18.

**7.** "Appointing authority" is defined as the university president or the chancellor of the State System of Higher Education or their designees. Section F of the MPP, R. 3b.

*partment of Transportation,* 61 Pa. Cmwlth. 641, 434 A.2d 892 (1981). If a plan under which the employee was terminated does not reflect any substantial savings, this indicates that the employee was not terminated for lack of funds. *See Department of Education v. Conmy,* 90 Pa. Cmwlth. 359, 495 A.2d 976 (1985).

 Here, Kutztown University had the burden of proving that Dr. Bumba was furloughed for lack of funds. In this regard, Kutztown University presented evidence that the university was facing a budgetary shortfall. While both enrollment and total revenue had increased from the previous year, the evidence presented showed that the expenditures had also increased and at a greater rate. R. 52a, 53a, 57a, 58a. Thus, despite the increased revenue, Kutztown University was able to show a budgetary shortfall which necessitated modifications in the system. Additionally, Kutztown University, through the termination of Dr. Bumba's position, was able to project a savings of $43,000. R. 158a. Despite various costs associated with Dr. Bumba's furlough, such as unused vacation and a nine-week extension of his contract, which detracted from the initial savings, such costs were merely one-time expenditures that would not reduce the savings in the future. Based upon our review of the record, we conclude that substantial evidence exists in the record to support the hearing examiner's finding that Dr. Bumba was furloughed for lack of funds. While Dr. Bumba offered alternative solutions and funding sources, the university was under no obligation to adopt such alternatives as the university has a great deal of managerial flexibility in the decision making process. *See Haskins.*

 Dr. Bumba also contends that the State System failed to make necessary findings of fact which were amply sup-

ported by substantial evidence in the record. In his brief, Dr. Bumba has presented 24 facts, which he contends were necessary, undisputed and should have been included in the findings of fact. Unfortunately, Dr. Bumba has failed to provide exactly where in the record these "uncontroverted facts" can be substantiated in violation of Pa. R.A.P. 2119(c).[8] We decline to search the record for evidence to support these facts.[9] Accordingly, we will not address this issue. *See Terletsky v. Prudential Property and Casualty Insurance Co.,* 437 Pa.Super. 108, 649 A.2d 680 (1994), *petition for allowance of appeal denied,* 540 Pa. 641, 659 A.2d 560 (1995).

Accordingly, the order of the State System is affirmed.

### ORDER

AND NOW, this 10th day of June, 1999, the order of the State System of Higher Education, dated August 20, 1998, is affirmed.

---

**8.** Rule 2119(c) provides:

Reference to record. If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection there-

with, or in a footnote thereto, a reference to the place in the record where the matter referred to appears.

**9.** We note that the reproduced record alone was over 450 pages.