# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy Romero,                 :

           Petitioner         :

                                   :

           v.                   :  No. 1386 C.D. 2016

                                   :  ARGUED:  June 5, 2017

Pennsylvania State System of   :

Higher Education,               :

           Respondent      :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE JULIA K. HEARTHWAY, Judge
                    HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY                FILED:  June 27, 2017

Petitioner Timothy Romero petitions for review from the order of the Pennsylvania State System of Higher Education (PASSHE).  The Chancellor of PASSHE determined that Romero qualified for Pennsylvania domiciliary status for the spring 2016 semester, but not for the fall 2015 semester.  For the reasons set forth herein, we quash the appeal.

Romero matriculated at East Stroudsburg University (University) in the fall of 2015 as a freshman.  Romero had resided at 17 Basswood Lane, Smithtown, New York, from October 1, 2013 to July 1, 2015.  He currently resides at 509 Cherokee Street, Bethlehem, Pennsylvania, with his mother and sister.  Following his enrollment at the University, Romero submitted a request to

reclassify his domiciliary status from New York to Pennsylvania in order to obtain an in-state tuition reduction from the University. On December 17, 2015, the University issued a determination denying Romero's request. On January 20, 2016, he filed an appeal to the Chancellor. On May 27, 2016, the Chancellor issued an order granting Romero Pennsylvania domiciliary status for the spring 2016 semester, but not for the fall 2015 semester. On July 15, 2016, Romero faxed a letter to PASSHE objecting to the legal determinations made in the Chancellor's order. The letter included both a request for reconsideration and a request for *nunc pro tunc* relief. On July 21, 2016, PASSHE issued a letter to Romero reaffirming the legal basis behind the Chancellor's order. PASSHE's letter also affirmed that the Chancellor's May 27, 2016 order was a final order, and that any appellate recourse available to Romero would be with the Commonwealth Court. On August 18, 2016, Romero appealed the Chancellor's May 27, 2016 order to this Court.[1]

On appeal, Romero argues that the Chancellor erred when he determined that Romero was not a Pennsylvania domiciliary for the fall 2015 semester. He argues that his mother, contrary to the Chancellor's determination, moved to Pennsylvania in July 2015 with the immediate intent to remain and ended

---

[1] The University is part of PASSHE. *See* Section 2002A of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, added by the Act of November 12, 1982, P.L. 660, *as amended,* 24 P.S. § 20–2002A. This Court has appellate jurisdiction from final orders of government agencies under Section 763 of the Judicial Code, 42 Pa.C.S. § 763. Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Bumba v. Pennsylvania State System of Higher Education*, 734 A.2d 36, 37 n.1 (Pa. Cmwlth. 1999).

her New York domicile at that time. She leased a residence in Pennsylvania, filed a tax return in Pennsylvania, and obtained temporary employment in Pennsylvania until securing full-time permanent employment in December 2015.

PASSHE argues that Romero's appeal is untimely because Romero failed to file his petition for review within thirty days after the Chancellor's final order on May 27, 2016. Romero did not file his petition for review until August 18, 2016.

Pa.R.A.P. 903(a) requires that a notice of appeal be filed within thirty days of entry of the final order from which the appeal is taken. A "final order" is defined as any order that disposes of all claims and parties or is entered as a final order pursuant to the determination by a trial court or other governmental unit. Pa. R.A.P. 341(b). The Chancellor's May 27, 2016 order was a final order. 22 Pa. Code § 507.5(f)("[w]ithin the State System of Higher Education the decision of the Chancellor shall be final.") Inasmuch as the Chancellor's order was a final order, Romero had until June 27, 2016 to file a timely petition for review.[2] Romero failed to file before the expiration of the appeal period.

However, Romero argues his appeal period should not have commenced until July 21, 2016, when PASSHE responded to his correspondence of July 15, 2015, in which he sought reconsideration of the Chancellor's final

---

[2] Although Sunday, June 26, 2016 was the thirtieth day after the Chancellor's order was filed, Romero would have been permitted to file a timely petition for review on Monday, June 27, 2016. 1 Pa.C.S. § 1908.

order. Romero does not cite to any legal authority to support an argument that PASSHE's response to his correspondence resurrects his ability to appeal an order beyond the statutory appeal period. We note that Romero's July 15, 2016 letter was submitted to PASSHE 49 days after the Chancellor issued his final order on May 27, 2016, i.e., beyond the expiration of the statutory appeal period.[3]

Moreover, submitting a request for reconsideration does not toll the time to appeal from an underlying order. *Columbia Gas of Pennsylvania, Inc. v. Pennsylvania Public Utility Commission*, 535 A.2d 1246, 1248 (Pa. Cmwlth. 1988). Consequently, Romero's July 15, 2016 correspondence would not toll the thirty day limit for appealing the Chancellor's final order even if it was submitted before the expiration of the 30-day statutory appeal period. His petition for review to this Court was untimely.

Romero also argues that this Court should nonetheless consider his appeal *nunc pro tunc,* citing a medical issue of a family member that hindered his ability to timely file a request for reconsideration or petition for review. However, to avoid unnecessary determinations on whether every untimely filing should be excused, opportunities to appeal *nunc pro tunc* are limited to cases possessing unique and compelling factual circumstances. *Ho v. Unemployment Compensation Board of Review*, 525 A.2d 874, 875 (Pa. Cmwlth. 1987). In circumstances where

---

[3] "An application for. . . reconsideration may be filed by a party to a proceeding within 15 days. . . after the issuance of an adjudication or other final order by the agency." 1 Pa. Code. § 35.241(a). In this case, PASSHE did not have jurisdiction to grant reconsideration of the May 27, 2016 order because Romero's request was filed more than 30 days after the order was entered. *See Sewickley Valley Hospital v. Department of Public Welfare,* 550 A.2d 1351, 1353 (Pa. Cmwlth. 1988).

4

the filing of an appeal was delayed, an appeal may be permitted *nunc pro tunc* when the delay is caused by "extraordinary circumstances involving fraud or some breakdown of the court's operation through a default of its officers." *Cook v. Unemployment Compensation Bd. of Review*, 671 A.2d 1130, 1131 (Pa. 1996) (quotations omitted). In this case, Romero has not shown that his untimely appeal was the result of an administrative breakdown or any other failure on the part of PASSHE or this Court. There is no apparent basis here for permitting an appeal *nunc pro tunc*.

Because Romero's appeal was untimely, this Court lacks jurisdiction to consider his appeal of the Chancellor's determination of his domiciliary status. Accordingly, this appeal is quashed.

_____
JULIA K. HEARTHWAY, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Timothy Romero,                          :
           Petitioner              :
                                                           :
              v.              :  No. 1386 C.D. 2016
                                                           :
Pennsylvania State System of             :
Higher Education,                        :
           Respondent             :

O R D E R

AND NOW, this 27th day of June, 2017, the petition for review of the order of the Pennsylvania State System of Higher Education in the above-captioned matter is quashed.

_____
JULIA K. HEARTHWAY, Judge